Dougas PIERCE, Appellant,

v.

**BENEFIT TRUST LIFE INSURANCE COMPANY, Appellee.**

No. 07–89–0054–CV.

Court of Appeals of Texas, Amarillo.

Jan. 16, 1990.

Opinion On the Merits Feb. 5, 1990.

Rehearing Overruled Feb. 20, 1990.

Bowers & Mintzer, Rand Allen Mintzer, Houston, for appellant.

Baker & Botts, Gail M. Brownfeld, Houston, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

ABATEMENT AND REMAND FOR SUPPLEMENTATION OF APPELLATE RECORD

REYNOLDS, Chief Justice.

Dougas Pierce filed suit to recover his medical expenses allegedly indemnified by a policy of accident insurance assumed by

Benefit Trust Life Insurance Company. Benefit Trust moved for summary judgment, praying that Pierce "take nothing by virtue of his suit against Benefit Trust, and that it have its costs of court and such other and further relief to which it may be justly entitled." Hearing the motion for summary judgment, the trial court signed an order, the decretal part of which merely "ORDERED, ADJUDGED and DECREED that defendant Benefit Trust Life Insurance Company's Motion for Summary Judgment is hereby granted."

Representing that the trial court orally granted a take-nothing summary judgment on his entire case, Pierce perfected this appeal to contend that "[t]he trial court erred in granting [Benefit Trust Life Insurance Company's] Motion for Summary Judgment." In reply, Benefit Trust submits that the summary judgment granted by the trial court should be affirmed.

■ Despite the actual and tacit representations, a post-submission examination of the appellate record fails to reveal, by docket entry or otherwise, the rendition or entry of summary judgment following the trial court's granting of Benefit Trust's motion therefor. It is axiomatic that in the absence of a final summary judgment, there is no presumption that there was an adjudication of all issues and parties; consequently, unless a final summary judgment has been rendered, an appellate court does not have jurisdiction over the merits of the appeal. *Teer v. Duddlesten*, 664 S.W.2d 702, 703–04 (Tex.1984).

■ Nevertheless, the absence of a judgment from the appellate record does not deprive this court of jurisdiction over the appeal if, indeed, the trial court rendered a final summary judgment upon the granting of Benefit Trust's motion therefor. In that situation, this court may exercise its power to direct the correction of the record in order that there will be a proper presentation of the appeal for a disposition on the merits. Tex.R.App.P. 81(a); *Galvan v. United States Fire Ins. Co.*, 629 S.W.2d 209, 212–13 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.).

Accordingly, the appeal is abated and the cause is remanded to the trial court. Upon remand, the trial court shall give notice to appellate counsel and proceed forthwith to supplement the record to show whether or not judgment was rendered. If judgment was rendered, the rendition of judgment shall be reduced to writing, dated as of the date of rendition, and signed by the trial court; but, if judgment was not rendered, the trial court shall so certify in writing.

The trial court shall cause its written judgment or certification to be filed, included in a supplemental transcript, certified to by the clerk of the court, and transmitted to the clerk of this court. Upon receipt of the supplemental transcript, this court will determine the extent of its jurisdiction over, and the disposition of, the appeal.

It is so ordered.

## ON THE MERITS

Following abatement and remand, the trial court supplemented the appellate record to evince its rendition of a take-nothing summary judgment in Dougas Pierce's action to recover from Benefit Trust Life Insurance Company his medical expenses allegedly indemnified by a policy of accident insurance. The appeal has been reinstated and, for the reasons expressed, the judgment will be affirmed.

Benefit Trust assumed a policy of accident insurance that United States Fidelity and Guaranty Company had issued to Pierce, indemnifying him for, among other things, expenses not exceeding $5,000 which he incurred for medical treatment of an accident. While the policy was in force, Pierce suffered a hernia from lifting a fifty pound bag from the trunk of a car.

Pierce was hospitalized for eight days for medical treatment of the hernia. His claim for indemnification under the policy was denied by Benefit Trust because of this exclusionary provision in the policy:

This policy does not cover an accident or loss caused or contributed to by

(1) hernia of any kind,

(2) suicide or any attempt thereat (sane or insane),

(3) disease, or medical or surgical treatment therefor, or bacterial infections (except pus-forming infections occurring through an accidental cut or wound),

(4) war or any act of war, whether war is declared or not.

Accordingly, when Pierce filed his action on the denied claim, Benefit Trust moved for summary judgment on the ground that Pierce's loss was caused or contributed to by the hernia, for which the policy does not provide benefits. Pierce answered that Benefit Trust was not entitled to judgment as a matter of law because the exclusionary provision is ambiguous.

Pierce faults the trial court for granting Benefit Trust's motion for summary judgment, contending that the exclusionary provision is ambiguous and, hence, its interpretation is a fact issue which precludes summary judgment. *Coker v. Coker,* 650 S.W.2d 391, 394 (Tex.1983). The ambiguity, in Pierce's view, is illustrated by the fact that the loss was caused not by the hernia, but rather by the lifting of the bag from the car. The result, he argues, is that the policy does not exclude a lifting accident resulting in a hernia.

■ The question whether the exclusionary provision is ambiguous is not answered merely by the disagreement of the parties as to its meaning, *Jones v. Killingsworth,* 379 S.W.2d 362, 367 (Tex.Civ.App.—Tyler 1964), *rev'd on another ground,* 403 S.W.2d 325 (Tex.1966), but is a question of law. If the provision can be given a certain or definite legal meaning, it is not ambiguous; but, if its meaning is uncertain and doubtful or reasonably susceptible to more than one meaning, it is ambiguous. *Coker v. Coker,* 650 S.W.2d at 393–94.

■ Applying these principles, it is readily apparent that the exclusionary provision can be given only one reasonably certain and definite legal meaning and, therefore, it is not ambiguous. By its clear language, the provision, as material to this cause, denies indemnification for medical expenses incurred for either (1) an accident, or (2) a loss, that was caused or contributed to by a hernia. Thus, Pierce's reliance on

the rule that insurance policies are strictly construed in favor of the insured in order to avoid exclusion of coverage is misplaced, because the rule does not apply when there is no ambiguity. *Puckett v. U.S. Fire Ins. Co.,* 678 S.W.2d 936, 938 (Tex.1984).

With regard to Pierce's claim of a lifting accident, it is observed that the policy itself does not contain a definition of "accident;" therefore, the word must be accorded its plain and generally accepted meaning. *Stahl Petroleum Co. v. Phillips Petroleum Co.,* 550 S.W.2d 360, 366 (Tex.Civ.App. —Amarillo 1977), *aff'd,* 569 S.W.2d 480 (Tex.1978). With respect to an insurance contract, the generally and commonly accepted meaning of "accident" is an unexpected happening without intention or design. Black's Law Dictionary 14 (5th ed. 1979).

Given this meaning of accident and the wording of the exclusionary provision, it is understandably difficult to comprehend how a hernia could cause or contribute to an accident; however, it is clear that under the undisputed facts, Pierce's hernia did not cause or contribute to a lifting accident. Indeed, consistent with the meaning of accident, and contrary to Pierce's argument, his lifting of the bag from the car was not an accident within the coverage of the policy, for his lifting of the bag was not an unexpected happening without intention or design, but was voluntary and intentional. Unfortunately, his voluntary and intentional act resulted in a hernia, but the hernia was not caused by an accident, albeit the hernia was unexpected and unintended. *Argonaut Southwest Insurance Company v. Maupin,* 500 S.W.2d 633, 635 (Tex.1973).

Then, it follows from the established facts that the indemnification Pierce sought was for medical expenses he incurred, a loss, caused or contributed to by his hernia. The loss is excluded from indemnification by the exclusionary provision of the policy. Consequently, the trial court correctly determined that Benefit Trust was entitled to judgment as a matter of law on its motion, thereby properly granting the motion for summary judgment and rendering the take-nothing summary judg-

ment. Pierce's sole point of error is overruled.

The judgment is affirmed.