NO. 07-03-0391-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 7, 2003



______________________________




ARTHUR WARE, INDIVIDUALLY AND AS POTTER COUNTY


JUDGE; JOE KIRKWOOD, MANNY PEREZ-VILLASENOR,


BILL THOMAS, IRIS SANDERS LAWRENCE, INDIVIDUALLY AND AS POTTER


COUNTY COMMISSIONERS; THE POTTER COUNTY COMMISSIONERS


COURT; AND POTTER COUNTY, TEXAS, APPELLANTS



V.



LEON "BUBBA" SMITH,


POTTER COUNTY CONSTABLE, PRECINCT 4, APPELLEE



_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 89,161-E; HONORABLE JACK D. YOUNG, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON MOTION TO DISMISS 


 Appellants have appealed from the trial court's judgment dated August 18, 2003
entered in Cause No. 89,161-E. Pending before this court is appellee's motion entitled
Plaintiff's Motion to Dismiss for Lack of Jurisdiction, asking that we dismiss the appeal as
premature.

 The First Amended Original Petition filed in the trial court by appellee, as plaintiff,
requested declaratory relief and attorney's fees under Chapter 37 of the Civil Practice &
Remedies Code, and requested issuance of a writ of mandamus. The State filed a plea in
intervention asking for relief under Chapter 87 of the Local Government Code. The trial
court's August 18 judgment, which was entered following an evidentiary hearing, contains
declarations, awards attorney's fees, including set fees conditioned on appeal, and orders
that a writ of mandamus issue. By a separate order also signed August 18, the trial court
severed the State's claims concerning removal under Chapter 87 of the Local Government
Code into a separate cause. 

 The judgment contains language expressing the court's intention that the judgment
be final: "This is intended to be a final judgment, disposing of all parties and claims in this
cause. It is therefore, ordered, adjudged and decreed that all relief requested and not
expressly granted herein is denied." The judgment goes on to order that the writ of
mandamus be made returnable to the trial court at a stated date and time, and further
orders that the defendants shall appear at that time and show cause as to the manner in
which they have complied with the writ and the court's order. It also goes on to say, in its
last sentence, that attorney's fees will be considered "at the time final judgment is entered."

 Appellee contends the trial court's judgment is not final and thus not appealable,
pointing to the provisions requiring the writ of mandamus to be returnable to the court at
a stated date and time and stating that the court would further consider the matter of
attorney's fees. We apply the same rules to the construction of a judgment as to other
written instruments. Stettner Clinic, Inc. v. Burns, 61 S.W. 3d 16, 18 (Tex.App.-Amarillo
2000, no pet.). When considering a judgment that is ambiguous or susceptible to more
than one interpretation, we are to consider the entire content of the judgment and the
record, and give the judgment the reading that renders it more reasonable, effective and
conclusive. State Farm Lloyds, Inc. v. Williams, 791 S.W. 2d 542, 546 (Tex.App.-Dallas
1990, pet. denied), see Point Lookout West, Inc. v. Whorton, 742 S.W. 2d 277, 278 (Tex.
1987) (per curiam). A judgment entered after a conventional trial on the merits is
presumed to dispose of all claims asserted in the case and to be final and appealable.
North East Ind. Sch. Dist. v. Aldridge, 400 S.W. 2d 893, 897-98 (Tex. 1966). One entered
following something less than a trial on the merits is not final for purposes of appeal unless
it actually disposes of every pending claim and party or it clearly and unequivocally states
that it finally disposes of all claims and all parties. Lehmann v. Har-Con Corp., 39 S.W. 3d
191, 205 (Tex. 2001). 

 Applying those rules to the judgment here, we do not construe the trial court's
judgment as interlocutory. We read the provision in the judgment requiring the return of
the writ of mandamus at a stated date and time simply as a condition of the writ and not
an indication of an intention on the part of the trial court that its judgment be interlocutory.
And, although the last sentence of the judgment may inject into it an element of ambiguity,
nonetheless, considering the judgment as a whole and considering the record on which
it was rendered, we conclude that the trial court intended its judgment to be a final
judgment on all claims other than those severed. 

 Appellee further contends that the case is not yet ripe for appellate review because
its outcome "depends on contingent and uncertain events," and that review of the trial
court's action is premature until appellants comply with the writ of mandamus by setting
a reasonable salary for appellee. Appellants respond that the potential necessity for further
proceedings to enforce the writ does not render the appeal unripe. We agree with
appellant. Texas appellate courts have on any number of occasions reviewed judgments
such as that entered in this case with no indication of prior compliance with the writ of
mandamus. Anderson v. City of Seven Points, 806 S.W.2d 791 (Tex. 1991); Yett v. Cook,
115 Tex. 175, 268 S.W. 715 (1925); Harris v. Jones, 8 S.W.3d 383 (Tex.App.-El Paso
1999, no pet.); Commissioners Court of Houston County v. Rodgers, 691 S.W.2d 753
(Tex.App.-Tyler 1985, no writ). Appellee does not present argument or authority requiring
a different conclusion here.

 For these reasons, appellee's motion to dismiss is overruled. 


 Per Curiam 

 



y, waived the contention. Alvarado v. State, 912 S.W.2d 199,
210 (Tex. Crim. App. 1995) (holding that one waives an issue if he neither cites authority
supporting it or provides substantive analysis explaining it).

 Accordingly, the judgment is affirmed.


 Brian Quinn

 Justice


Do not publish.


 
1. That no actual conflict existed distinguishes the situation before us from that in Ramirez v. State,
13 S.W.3d 482 (Tex. App.-Corpus Christi 2000, pet. denied), a case upon which appellant relied. Thus,
Ramirez is not controlling.