

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00307-CV

ROYALCO OIL & GAS
CORPORATION

APPELLANT

V.

TEXAS CES, INC., D/B/A
SHALE TANK TRUCK,
MERCER WELL SERVICE,
AND BASIN TOOL
COMPANY

APPELLEE

------------

## FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant RoyalCo Oil and Gas Corporation attempts to appeal from the

trial court's order granting the motion for summary judgment of appellee Texas

CES, Inc. d/b/a Shale Tank Truck, Mercer Well Service, and Basin Tool

---

[1]See Tex. R. App. P. 47.4.

Company. Appellee has filed a motion to dismiss the appeal for lack of jurisdiction.

In its order, the trial court found that appellee is entitled to judgment on its sworn account claim but stated, "The Court reserves the issue of damages recoverable by Texas CES at this time." We sent the parties a letter expressing our concern that we lack jurisdiction over the appeal because the trial court's summary judgment order is not a final judgment or an appealable interlocutory order. Our letter told the parties that unless they filed a response showing grounds for continuing the appeal, it could be dismissed.

Appellate courts have limited jurisdiction over appeals from final judgments and from specific interlocutory orders designated by the legislature as appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon 2008). A judgment entered without a conventional trial on the merits is final "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93.

Here, the order is not final and appealable because it reserves the issue of damages for further determination. Also, the order is not an appealable interlocutory order. Accordingly, because there is no final judgment or appealable interlocutory order, we grant appellee's motion, and we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Stettner*

2

*Clinic, Inc. v. Burns*, 61 S.W.3d 16, 19–20 (Tex. App.—Amarillo 2000, no pet.) (dismissing an appeal for want of jurisdiction because the summary judgment order reserved the issue of damages for later resolution); *Pierce v. Benefit Trust Life Ins. Co.*, 784 S.W.2d 516, 517 (Tex. App.—Amarillo 1990, writ denied) ("[U]nless a final summary judgment has been rendered, an appellate court does not have jurisdiction over the merits of the appeal.").

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  October 28, 2010

3