COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00307-CV

 

 


 
 
 ROYALCO OIL & GAS CORPORATION
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 TEXAS CES, INC., D/B/A SHALE TANK TRUCK, MERCER
 WELL SERVICE, AND BASIN TOOL COMPANY
 
 
  
 
 
 
 
 APPELLEE
 
 


 

                                                                                                                             

------------

 

FROM THE 43RD
 DISTRICT COURT OF PARKER
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          Appellant RoyalCo Oil and Gas Corporation
attempts to appeal from the trial court’s order granting the motion for summary
judgment of appellee Texas CES, Inc. d/b/a Shale Tank Truck, Mercer Well
Service, and Basin Tool Company.  Appellee
has filed a motion to dismiss the appeal for lack of jurisdiction.

          In its order, the trial court found
that appellee is entitled to judgment on its sworn account claim but stated,
“The Court reserves the issue of damages recoverable by Texas CES at this
time.”  We sent the parties a letter
expressing our concern that we lack jurisdiction over the appeal because the
trial court’s summary judgment order is not a final judgment or an appealable
interlocutory order.  Our letter told the
parties that unless they filed a response showing grounds for continuing the
appeal, it could be dismissed.

          Appellate courts have limited jurisdiction
over appeals from final judgments and from specific interlocutory orders
designated by the legislature as appealable.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); see Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon 2008).
 A judgment entered without a
conventional trial on the merits is final “if and only if either it actually
disposes of all claims and parties then before the court, regardless of its
language, or it states with unmistakable clarity that it is a final judgment as
to all claims and all parties.”  Lehmann, 39 S.W.3d at 192–93.

          Here, the order is not final and
appealable because it reserves the issue of damages for further determination.  Also, the order is not an appealable
interlocutory order.  Accordingly,
because there is no final judgment or appealable interlocutory order, we grant
appellee’s motion, and we dismiss the appeal for want of jurisdiction.  See
Tex. R. App. P. 42.3(a), 43.2(f); Stettner
Clinic, Inc. v. Burns, 61 S.W.3d 16, 19–20 (Tex. App.—Amarillo
2000, no pet.) (dismissing an appeal for want of jurisdiction because the
summary judgment order reserved the issue of damages for later resolution); Pierce v. Benefit Trust Life Ins. Co., 784
S.W.2d 516, 517 (Tex. App.—Amarillo 1990, writ denied) (“[U]nless a final
summary judgment has been rendered, an appellate court does not have
jurisdiction over the merits of the appeal.”).

 

 

                                                                             
 
 
 
 
 
 
 
 
 TERRIE LIVINGSTON

                                                                             
 
 
 CHIEF JUSTICE

 

PANEL:  
 
 
 
 
 
 
 LIVINGSTON, C.J.; 
 
 
 
 
 
 DAUPHINOT and 
 
 
 
 
 
 GARDNER, JJ. 

 

DELIVERED:  October 28, 2010











[1]See Tex. R. App. P. 47.4.