**Dorothy WILDE, Petitioner,**

v.

**Teddy Lee MURCHIE f/k/a Teddy Lee Evetts Sykes, Respondent.**

No. 96–1047.

Supreme Court of Texas.

July 9, 1997.

Richard J. Hatch, Corpus Christi, for petitioner.

Robert L. Ramey, Corpus Christi, for respondent.

## PER CURIAM.

This case involves the interpretation of a divorce decree. At issue is whether the decree partitioned a community homestead. Because we conclude that the decree partitioned the homestead, we reverse the judgment of the court of appeals and render judgment for Dorothy Wilde.

Teddy Lee Murchie and Maurice Sykes divorced in 1968. The divorce decree awarded Murchie certain personal property. In addition, she received a monetary judgment "as her equity in the community home." The decree also awarded Sykes certain personal property and ordered him to assume all existing community obligations. The decree did not further address the community home, except to grant Murchie a lien on Sykes's real and personal property to satisfy her monetary award. The home was the only item of real property Sykes possessed. The decree further ordered the parties to sign any and all instruments necessary to effect the court-ordered conveyance of real and personal property.

Sykes never paid the monetary judgment, and neither party ever took action with respect to the ordered conveyances. Murchie abstracted the judgment in July 1968 and had several executions issued. She reabstracted the judgment in July 1978 and again in October 1988. The property remained in Sykes's possession until his death in 1992.

Dorothy Wilde inherited the home under Sykes's will. After investing in improvements, Wilde sought to sell the home and brought suit for a declaratory judgment to clear title. In her motion for summary judgment, Wilde claimed that (1) Murchie and Sykes were the home's original owners, (2) Sykes had acquired sole ownership of the home by virtue of the 1968 divorce decree, (3) Wilde owned the home as a result of Sykes's will, and (4) Murchie's lien on the home was no longer enforceable because she had allowed the judgment to become dormant. The trial court granted summary judgment for Wilde, finding that she was the fee owner of the home and that Murchie's judgment had become dormant and was unenforceable.

■ Murchie appealed, claiming the trial court had failed to decide whether Sykes was the property's sole owner under the 1968 divorce decree. The court of appeals agreed and reversed the trial court's judgment, holding that because the decree contained no express language of divestiture, Murchie retained at least a one-half community interest in the home. We disagree.

■ Texas courts follow an established procedure for interpreting property divisions in divorce decrees. Community property not awarded or partitioned by a divorce decree is subject to later partition between the ex-spouses, who are considered joint tenants or tenants in common. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970); *Harrell v. Harrell*, 692 S.W.2d 876, 876 (Tex.1985). Where the decree is not silent with respect to the property in question, general rules regarding construction of judgments apply. *Constance v. Constance*, 544 S.W.2d 659, 660 (Tex.1976). Thus, if the decree, when read as a whole, is unambiguous as to the property's disposition, the court must effectuate the order in light of the literal language used. *See Acosta v. Acosta*, 836 S.W.2d 652, 654 (Tex.App.—El Paso 1992, writ denied); *Lohse v. Cheatham*, 705 S.W.2d 721, 726 (Tex.App.—San Antonio 1986, writ dism'd). In contrast, if the decree is ambiguous, the court must interpret the judgment by reviewing both the decree as a whole and the record to ascertain the property's disposition. *See Haworth v. Haworth,*

795 S.W.2d 296, 298 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Lohse,* 705 S.W.2d at 726. *See generally Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987).

 The court of appeals' determination that the divorce decree was silent about the disposition of the house gives conclusive effect to the fact that the decree contained no express language of divestiture. This reasoning is inconsistent with our approach to construction of judgments in general. Like other judgments, courts are to construe divorce decrees as a whole toward the end of harmonizing and giving effect to all that is written. *Constance,* 544 S.W.2d at 660. Courts should not give conclusive effect to the judgment's use or omission of commonly employed decretal words, but should instead determine what the trial court adjudicated from a fair reading of all the judgment's provisions. *Id.* In addition, the court may consider the entire record to clarify the decree's provisions. *See Point Lookout West,* 742 S.W.2d at 278.

Here, the decree did not expressly divest Murchie of her interest in the home. However, the decree liquidated her equity interest in the property and stipulated that Sykes assume all existing debts on that property. We conclude that the decree indicates the divorce court's decision to award the home solely to Sykes.

This is not a case where the divorce court did not contemplate the property in question. In addition to the language in the decree, the record supports the conclusion that the divorce court awarded the home to Sykes. In Murchie's original petition for divorce, she stated that "after the divorce, [Sykes] may have the house to do with as he pleases." Murchie's divorce petition also contained a request that "Defendant [Sykes] be granted the equity in the house ... [and] be ordered to assume and pay all existing obligations...." The trial court reasonably construed the language of the decree in such a manner as to harmonize all of its provisions. Thus, the court of appeals erred by reversing the trial court's summary judgment for Wilde.

 Both Murchie's and Sykes's conduct following the divorce further support a construction contrary to the result the court of appeals reached. In some cases, the parties' subsequent actions are relevant to the construction of ambiguous judgments. *See Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402, 405 (Tex.1971). Here, Murchie never sought a partition of the homestead following the divorce. Instead, through her attorney, she sought only to collect the monetary award that, as stated in the decree, included her equity in the homestead. Sykes had sole possession of the house for over twenty years, and he assumed full responsibility for the mortgage. Murchie waited twenty-four years to assert her present claim to a one-half interest in the property. She did so only when Wilde challenged her judgment and lien as being dormant and unenforceable.

Thus, the fact that the decree contains no express language of divestiture does not alone determine whether the divorce court considered and divided the homestead. In this case, a fair reading of the judgment and the record supports an award of the homestead to Sykes. Therefore, the court of appeals erroneously redivided the property. *See* TEX. FAM.CODE § 3.71. Accordingly, the Court grants Wilde's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment for Wilde. TEX. R.APP.P. 170.