In the Matter of the MARRIAGE OF Linda L. CANNALIATO and John A. Cannaliato and in the Interest of Amy S. Cannaliato and David Allen Cannaliato, Children.

No. 06–99–00149–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 12, 2000.

Decided Aug. 10, 2000.

Raymond R. Epps, Lance Nguyen, Law Office of Ray Epps, Houston, for appellant.

Robert S. Clark, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Justice GRANT.

John Cannaliato appeals from a verdict ordering him to pay $85,318.78 in child support arrearages, including interest, and $2,741.08 in attorney's fees.

On appeal John Cannaliato contends

1. the trial court's findings of fact numbers 13 and 14 are not supported by legally or factually sufficient evidence,

2. the trial court's award of child support arrearages of $85,318.78 is not supported by legally or factually sufficient evidence, and

3. the trial court erred in awarding attorney's fees because the amount was unreasonable.

The Cannaliatos' divorce decree was signed on October 4, 1979. The decree states

> IT IS ORDERED that JOHN A. CANNALIATO pay to LINDA L. CANNALIATO, child support in the amount of TWO HUNDRED FIFTY AND NO/ 100 ($250.00) per month, in two installments per month of ONE HUNDRED TWENTY–FIVE AND NO/100 ($125.00) each with the first installment

being due and payable on the 15th day of September, 1979, and a like payment being due and payable on each 1st and 15th day of the month thereafter until the youngest child reaches the age of 18 years or is otherwise emancipated.

John Cannaliato contends that the evidence was both legally and factually insufficient to support the following trial court findings of fact:

> 13. As of July 9, 1999, the total principal child support arrearage of Respondent, JOHN A. CANNALIATO, is $45,225.00.

> 14. As of July 9, 1999, the total accrued interest on Respondent, JOHN A. CANNALIATO's, child support arrearage is $40,093.78.

John Cannaliato contends that, because the divorce decree stated that child support would be due on September 15, 1979, and a like payment being made on "each 1st and 15th day of the month thereafter," that he was only legally obligated to make three child support payments—September 15, October 1, and October 15, 1979—for a total of $375 for the entire time his children were minors. John Cannaliato phrases this point of error as a legal sufficiency point, but in fact he is arguing that the trial court's legal interpretation of the divorce decree was erroneous, not that the evidence was insufficient to support the trial court's findings of fact.

Like other judgments, courts are to construe divorce decrees as a whole toward the end of harmonizing and giving effect to all that is written. *Wilde v. Murchie*, 949 S.W.2d 331, 333 (Tex.1997). The appellate court should determine what the trial court adjudicated from a fair reading of all of the judgment's provisions. *Id.* Legal conclusions made by a trial court are subject to de novo review. *See Piazza v. City of Granger*, 909 S.W.2d 529, 532 (Tex.App.-Austin 1995, no writ).

In *Ex parte Johns*, another appellate court has addressed the meaning of similar language in a divorce decree, albeit in a

slightly different context. *Ex parte Johns,* 807 S.W.2d 768 (Tex.App.-Dallas 1991, no writ). The plaintiff in that case contended that a child support order was ambiguous and, therefore, not enforceable by a contempt action. The Johnses' divorce decree stated that Johns was to pay $529.50 per child

> in two equal installments per month, with the first installment due on November 1, 1981, and a like installment due on each 15th and 1st day of the *month thereafter,* and reasonable and necessary, non-elective medical care for said children *until a child with respect to whom payments are being made reaches 18 years of age, dies,* . . .

*Id* at 773. The court of appeals in *Ex parte Johns* held that the use of the word "the" before the singular "month thereafter" did not obligate the defendant to only the one month following the order.

■ The provision in this divorce decree is not well written. It would have been clearer if the word *month* had been made plural. However, we must examine the paragraph in its entirety to determine its meaning. The first portion of the paragraph states who is ordered to pay whom; the next portion of the paragraph states how much is to be paid per month; the next portion of the paragraph sets forth the amount of the installments and the first date an installment is due; the next portion of the paragraph sets forth the dates of the month thereafter when the payments will be due; and the last portion of the paragraph sets forth the length of time such payments will be made.

The interpretation that John Cannaliato seeks is one that would ignore the last portion of the paragraph ordering payments to be made until the youngest child reaches the age of eighteen or is otherwise emancipated. The gist of the paragraph is to order child support in the amount of $250 a month until the youngest child reaches eighteen or is otherwise emancipated. The interpretation must be made in conjunction with the applicable law which provides for the support of an unemancipated minor, a minor being up to the age of eighteen. Tex. Fam.Code Ann. § 151.003(b) (Vernon 1996). Thus, the trial court did not err in its interpretation of the divorce decree that John Cannaliato's child support obligation continued on the 1st and 15th of the month until the youngest child was eighteen or otherwise emancipated.

■ John Cannaliato's brief also states that he is challenging the factual sufficiency of the findings of fact. His brief, however, cites no facts, no arguments, and no cases on this point. We conclude that the appellant failed to adequately brief the matter and, consequently, waived this point of error. Tex.R.App. P. 38.1(h). We therefore decline to address it. Appellant's first point of error is overruled.

John Cannaliato's second point of error reiterates the same ground as his first point, again citing no cases that support his contention. The total amount due in child support from Cannaliato is in dispute only because of the interpretation of the applicable paragraph in the divorce decree. This is discussed and addressed under the first point of error above. Appellant's second point of error is overruled.

■ John Cannaliato's third point of error is that because, according to Cannaliato's view of the order, he was not in arrears at all, the trial court's award of attorney's fees in the amount of $2,741.08 was error because the amount is so disproportionate to the amount John Cannaliato was in arrears—in his opinion—$0. Because we agree with the trial court's interpretation of the divorce decree and the trial court's holding that John Cannaliato was required to continue paying child support past October 1979 and that there was in fact a significant arrearage, this point of error is overruled.

The judgment is affirmed.