Appellee’s Motion for Rehearing Overruled; Affirmed in part, Reversed
and Remanded in part; Opinion Issued April 17, 2003 With















Appellee’s Motion for Rehearing
Overruled; Affirmed in part, Reversed and Remanded in part; Opinion Issued
April 17, 2003 Withdrawn; and Majority and Dissenting Opinions on Motion for
Rehearing filed September 25, 2003. 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-00854-CV

_______________

 

MARGARET DYE
SUDAN, now known as

MAGGIE
MACKENZIE, Appellant

 

V.

 

PHILIP P. SUDAN, JR., Appellee

_____________________________________________

 

On Appeal from
the 309th District Court

Harris County, Texas

Trial Court
Cause No. 93-06003A

_____________________________________________

 

D I S S E N T I N G   O P I
N I O N

O N   M O T I O N  
F O R   R
E H E A R I N G

 

            I respectfully dissent to that
portion of the majority opinion modifying the trial court’s judgment and
concluding that the parties’ amendment to the property settlement agreement is
unenforceable.  The subject “Agreement
Effecting A Second Amendment To Property Settlement Agreement Incident To
Divorce” was executed by the parties on July 28, 1998.  The hearing
on Phil Sudan’s (Sudan) motion
for summary judgment was held on April 19, 2000.  On May 19, 2000, the trial court granted Sudan’s
motion.  Following a second hearing on June 6, 2000, the order which is the
subject of this appeal was signed on May 30, 2001.  At that time,
both children were over eighteen years old and neither had lived with Maggie
Mackenzie (Mackenzie) for three to four years. 
The majority wholly ignores the undisputed fact that Sudan had been
the de facto custodial parent and sole source of financial support for both
children long before the amendment was executed.  Obviously, the trial court was fully aware of
this when it granted Sudan’s motion
for summary judgment and reserved the child support arrearage issue for further
proceedings.  Both parties filed
pleadings and addressed the child support issue in summary judgment
motions.  In proceedings prior to consideration
of motions for summary judgment, the trial court was obviously inclined to
approve modification of child support.[1]  Moreover, the trial court implicitly approved
modification of child support when it ruled that the amendment is
enforceable.  When a motion for summary
judgment is based on different grounds and the order granting the motion is silent
as to the reason for granting the motion, it must be affirmed if any of the movant’s theories are meritorious.  FM
Properties Operating Co. v. City of Austin, 22 S.W.3d 868, 872–73 (Tex. 2001). 

            Alternatively, disposition of this
issue turns on whether the amendment covered court ordered child support.  I do not agree with my colleagues’ conclusion
that the amendment covers Sudan’s child
support obligation under the decree.  My
colleagues recite but seem to disregard the following plain language in the
amendment: 

            Maggie accepts the Final Payment as full and final
payment of all amounts payable by Phil under the Settlement Agreement and Maggie further agrees and acknowledges
that the Final Payment constitutes full and final satisfaction of all
obligations between the parties under the Settlement
Agreement. 

 

            The majority opines that the
provision in the agreement for payment of child support contingent on
non-payment of alimony is court ordered child support.  They base this conclusion on the fact the
agreement includes a term requiring court approval for any amendment affecting
child support and the decree expressly made the agreement part of the decree
“as if it were recited verbatim.” 
Notwithstanding the plain language in the amendment, my colleagues
conclude that it pertains to payments and obligations under the decree.  There is
no language in the agreement or the decree expressing that the obligation to
pay contractual alimony mutates into court ordered child support simply because
the court incorporated the agreement verbatim into the decree.  Moreover, Mackenzie may not recharacterize contractual alimony payments as child
support.  See Birdwell v. Birdwell, 819 S.W.2d 223, 228–29 (Tex. App.—Fort
Worth 1991, writ denied).  My colleagues
cite Wilde v. Murchie,
949 S.W.2d 331, 333 (Tex. 1997) in support of the proposition that courts
should construe divorce decrees in an effort to “harmonize” and give effect to
all that is written.  The court in Wilde construed the terms of a divorce
decree; it was not dealing with an agreement incident to divorce which had been
incorporated into a divorce decree.  In
order to avoid confusion when the parties to a divorce enter into an agreement
incident to divorce, I would follow the more practical and well reasoned
approach taken by the court in Pampell v. Pampell, 2001 WL 223288, at *1 (Tex. App.—Austin 2001,
no pet.) (not designated for publication). 
When divorcing spouses enter into a child support agreement that is
incorporated into a divorce decree, the parties’ obligations are then governed
by two distinct instruments, the contract and the decree.  Moreover, when the duty to make support
payments arises from an agreement between the parties, rather than from a
divorce decree, the rights and obligations of the parties are governed by the
rules of contract.  See Hutchings v. Bates, 406 S.W.2d 419, 421 (Tex. 1966); Griffin v. Griffin, 535 S.W.2d 42 (Tex. Civ. App.—Austin 1976, no writ).   

            Relying on the court’s rationale in Williams v. Patton, 821 S.W.2d 141 (Tex. 1991), the
majority concludes that lack of court approval renders the amendment
unenforceable.  The facts in Williams are distinguishable.  In Williams, one of the parties sought to enforce an
agreement settling an arrearage claim. 
The trial court (not a court of appeals) declared the agreement
void.  The Supreme Court agreed with the
1st Court of Appeals’ conclusion that “child support arrearages also remain
under the supervision of the trial court and may not be modified by the parties
without court approval until the court either (1) reduces the unpaid child
support to written judgment or (2) loses jurisdiction.”  Sudan correctly
asserts that the Williams case
applies only to court-ordered child support, not contractual alimony payments
with child support payments contingent on non-payment of the alimony.

            For the sake of brevity and judicial
economy, I shall not address Mackenzie’s challenges to the amendment and Sudan’s numerous
defensive theories.  In conclusion, I
join the majority in affirming the judgment as to all claims other than Mackenzie’s
claim for breach of the agreement. 
However, for the reasons stated above, I would not reverse the trial
court’s summary judgment that the amendment is valid and enforceable.

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment rendered and Majority and
Dissenting Opinions filed September
 25, 2003.

Panel consists of Justices Hudson,
Edelman, and Seymore.  (Edelman, J.
majority).

 

 











            [1]  On August 1,
 1999 the presiding judge adopted associate Judge Michael Hay’s
denial of Mackenzie’s motion for contempt in connection Sudan’s failure
to pay the life insurance premium.  Under
the agreement, Sudan was
obligated to pay the premium in order to insure payment of his child support
obligations in the event of his death. 
Associate Judge Hay wrote: “The children lived with Sudan since
1994.  Voluntary relinquishment is a
defense. TFC 157.008.  The parties
settled obligations between the parties July 28, 1998.”