Opinion issued December 21, 2006








 

In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00427-CV






BRENDA JOYCE GAINOUS, Appellant


V.


THOMAS EARL GAINOUS, Appellee






On Appeal from the 246th District Court

Harris County, Texas

 Trial Court Cause No. 1994-18001






CONCURRING OPINION ON REHEARING


 I withdraw my concurring opinion issued August 24, 2006 and substitute this
opinion in its stead.

 I join the judgment only, and I write separately and respectfully to express my
disagreement with the Texas Supreme Court's opinion in Reiss v. Reiss, 118 S.W.3d
439 (Tex. 2003), and to urge the supreme court to revisit that authority.

 The majority opinion in Reiss would require us to conclude that the Gainouses'
divorce decree awards one-half of Thomas's separate property to Brenda--something
that, as a matter of law, she could not have received in the divorce decree. See Reiss,
118 S.W.3d at 442. I agree with the dissent in Reiss that argues the Reiss majority's
holding fails to give due weight to the plain and unambiguous language of the divorce
decree. Id. at 444 (Jefferson, J., Enoch, J., and Wainwright, J., dissenting). 
Following the analysis of the Reiss dissent, I would give due weight to the plain and
unambiguous language found in the Gainouses' divorce decree and would hold that
the decree awards Brenda one-half of the community portion of Thomas's retirement
fund. The decree does not award Brenda one-half of Thomas's separate property. 
The separate property includes retirement benefits that were not created by the
Legislature until after the divorce and that the Legislature has specifically declared
may be excluded from division in a divorce decree. See Tex. Gov't Code Ann. §
804.003(g)(7) (Vernon 2004). This interpretation of the Gainouses' decree that
divides only community property is consistent with the terms of the Qualified
Domestic Relations Order ("QDRO") entered just 14 months after the divorce decree. 
In the QDRO, the trial court clarified the terms of the divorce decree, and the QDRO
has been relied upon by Thomas and Brenda for almost 10 years. 

 It is well established that, when construing a divorce decree, we read the decree
as a whole. Constance v. Constance, 544 S.W.2d 659, 660 (Tex. 1976); Lone Star
Cement Corp. v. Fair, 467 S.W.2d 402, 404-05 (Tex. 1971). If a decree is
unambiguous, we do not consider extrinsic matters to give the decree a meaning
different from that of its literal language. Wilde v. Murchie, 949 S.W.2d 331, 332
(Tex. 1997); see Harrison v. Manvel Oil Co., 180 S.W.2d 909, 914-15 (Tex. 1944). 
That does not mean, however, that we are free to interpret decrees based only on the
literal meaning of a few isolated words, phrases, or sentences. See Wilde, 949 S.W.2d
at 332; see also Point Lookout W., Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987).

 In this case, the majority opinion in Reiss instructs us to focus on only one
sentence of the decree, which states that Brenda is to receive "[o]ne-half (1/2) of the
Houston Firemen's Relief and Retirement Fund standing in the name of THOMAS
E. GAINOUS. " See Reiss, 118 S.W.3d at 442. However, the plain language of the
paragraphs preceding that decretal sentence establishes that the decree was dividing
only community property existing at the time of the divorce and not Thomas's or
Brenda's separate property. The decree provides in pertinent part:

 9. Division of Marital Estate


 The Court finds that the following is a just and right division of the
parties' marital estate, having due regard for the rights of each party
and the child of the marriage.


 IT IS ORDERED AND DECREED that the estate of the parties
is divided as follows:


 Petitioner is awarded the following as Petitioner's sole and
separate property, and Respondent is divested of all right, title, interest
and claim in and to such property: 


 . . . .

 

 6. One-half (1/2) of the Houston Firemen's Relief and
Retirement Fund standing in the name of THOMAS E.
GAINOUS.


(Emphasis added.) The case before us is factually distinguishable from Shanks v.
Treadway, 110 S.W.3d 444 (Tex. 2003). In Shanks, unlike here, the decree stated that
the trial court was awarding a percentage of the total retirement benefits, not just the
community portion of the retirement benefits. Id. at 445; see Reiss, 118 S.W.3d at
444. 

 Here, the language of the decree provides that Brenda is entitled to receive
"[o]ne-half (1/2) of the Houston Firemen's Relief and Retirement Fund standing in
the name of THOMAS E. GAINOUS." Nevertheless, when construed in the context
of the entire decree, it is unreasonable to conclude that this language awards Brenda
an interest in the entirety of Thomas's retirement benefits, including that portion
representing his separate property. The decree's structure and plain language, from
beginning to end, evidence an intent to divide only the couple's community property. 
This construction is also consistent with Texas law at the time of the Gainouses'
divorce. See Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 142 (Tex. 1977) (holding
that both Texas Constitution and Family Code prohibit a court from divesting spouses
of separate property). To interpret the decree as Reiss instructs us to do is
inconsistent with the law prevailing at the time of the decree's entry and gives effect
to one isolated sentence over the construction of the decree as a whole.

 The decree, when read in its entirety, unambiguously awards Brenda one-half
of only the community portion of Thomas's retirement benefits. Accordingly, I
concur only with the judgment.



 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.

Justice Keyes, concurring.

Justice Hanks, concurring in the judgment.