Opinion issued June 4, 2009












In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00015-CV




AURORE HOPE ARCHIBALD, Appellant

V.

LARRY DONALD ARCHIBALD, Appellee




On Appeal from the County Court at Law
Washington County, Texas
Trial Court Cause No. CCL5219




MEMORANDUM OPINION
          Appellant, Aurore Hope Archibald, appeals from the trial court’s take-nothing
judgment after it granted her former husband’s no-evidence motion for summary
judgment. In three issues, Aurore argues that the trial court erred by finding that the
divorce decree was unambiguous and that she produced no evidence of any
community assets that were not divided in the original divorce decree.
          We affirm.
Background
          After their divorce on March 19, 1998, Larry received a settlement of
approximately $208,637 for overtime benefits, which Larry earned from
April 15, 1986, through October 8, 1999, while he worked for the City of Houston
Fire Department. This 2004 settlement resulted from a class action lawsuit brought
under the Fair Labor Standards Act. The final divorce decree, which was based on
the Archibalds’ mediated agreement, included residuary clauses relating to their
employment. The divorce decree assigned the following, among other property, to
Larry.
H-5. All sums, whether matured or unmatured, accrued or unaccrued,
vested or otherwise, together with all increases thereof, the proceeds
therefrom, and any other rights related to any profit-sharing plan,
retirement plan, Keogh plan, pension plan, employee stock option plan,
401(k) plan, employee savings plan, accrued unpaid bonuses, disability
plan, or other benefits existing by reason of the husband’s past, present,
or future employment.
 
          In 2006, Aurore filed a petition seeking division of property that she alleged
was not divided upon divorce, i.e., the overtime benefits. Larry filed a no-evidence
motion for summary judgment arguing that the residuary clause in the divorce decree
disposed of these benefits and that there was no property that was not divided in the
divorce decree, and therefore, Aurore’s petition was barred by res judicata. In
response, Aurore provided evidence of the settlement. She argued that the divorce
decree used the word “benefits,” which commonly means “fringe benefits” in the
employment-law context, and therefore, the divorce decree’s residuary clause did not
apply to the settlement that Larry received. In addition, Aurore argued that because
this cause of action and the settlement were not discussed during the mediation, the
divorce decree should not be applied to the settlement money. Holding the divorce
decree was not ambiguous, the trial court granted the no-evidence motion for
summary judgment.
Standard of Review
          A no-evidence motion for summary judgment is essentially a directed verdict
granted before trial, to which we apply a legal-sufficiency standard of review. King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex. 2003). In general, a party
seeking a no-evidence summary judgment must assert that no evidence exists as to
one or more of the essential elements of the nonmovant’s claims on which the
nonmovant would have the burden of proof at trial. Flameout Design & Fabrication,
Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). Once the movant specifies the elements on which there is no
evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged
elements. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment will be
sustained on appeal when (1) there is a complete absence of evidence of a vital fact,
(2) the court is barred by rules of law or of evidence from giving weight to the only
evidence offered by the nonmovant to prove a vital fact, (3) the evidence offered by
the nonmovant to prove a vital fact is no more than a scintilla, or (4) the nonmovant’s
evidence conclusively establishes the opposite of a vital fact. King Ranch, 118
S.W.3d at 751.
Interpreting the Divorce Decree
          “Texas courts follow an established procedure for interpreting property
divisions in divorce decrees.” Wilde v. Murchie, 949 S.W.2d 331, 332 (Tex. 1997).
When a final divorce decree fails to divide community property, the husband and wife
become joint owners and may later seek to partition the property. Busby v. Busby,
457 S.W.2d 551, 554–55 (Tex.1970); accord Harrell v. Harrell, 692 S.W.2d 876, 876
(Tex. 1985). Where the decree is not silent with respect to the property in question,
we apply general rules regarding construction of judgments. Shanks v. Treadway,
110 S.W.3d 444, 447 (Tex. 2003); accord Wilde, 949 S.W.2d at 332 (citing
Constance v. Constance, 544 S.W.2d 659, 660 (Tex. 1976)). We construe the decree
as a whole to harmonize and give effect to the entire decree. Shanks, 110 S.W.3d at
447; Constance, 544 S.W.2d at 660. “Thus, if the decree, when read as a whole, is
unambiguous as to the property’s disposition, the court must effectuate the order in
light of the literal language used.” Wilde, 949 S.W.2d at 332. However, if the decree
is ambiguous, the court must interpret the judgment by reviewing both the decree as
a whole and the record to ascertain the property’s disposition. Id. Whether a divorce
decree is ambiguous is a question of law subject to de novo review. Shanks, 110
S.W.3d at 447.
Divorce Decree is Not Ambiguous
          Aurore sought to partition money that Larry received after their divorce from
a settlement related to past-due overtime benefits, some of which were earned during
their marriage. The divorce decree provides:
H-5. All sums, whether matured or unmatured, accrued or unaccrued,
vested or otherwise, together with all increases thereof, the proceeds
therefrom, and any other rights related to any profit-sharing plan,
retirement plan, Keogh plan, pension plan, employee stock option plan,
401(k) plan, employee savings plan, accrued unpaid bonuses, disability
plan, or other benefits existing by reason of the husband’s past, present,
or future employment.
 
(Emphasis added.)
          Construing the divorce decree literally, the money that Larry received as a
settlement for past due overtime benefits is a “sum” that “exist[ed] by reason of
[Larry’s] past . . . employment.” However, citing Acosta v. Acosta, 836 S.W.2d 652,
654 (Tex. App.—El Paso 1992, writ denied) and the Texas whistleblower law, Tex.
Gov’t Code Ann. § 554.003(b) (Vernon 2004), Aurore argues that the word
“benefits” means “retirement benefits” or “fringe benefits” and, therefore, the divorce
decree is susceptible of more than one meaning and is ambiguous. 
          “Benefit” means: (1) an advantage or privilege; (2) profit or gain; and/or (3)
financial assistance that is received from an employer, insurance, or a public program
(such as social security) in time of sickness, disability, or unemployment. Black’s
Law Dictionary, 150–51 (7th ed. 1999). Black’s Law Dictionary lists fringe
benefit, general benefit, pecuniary benefit, and special benefit as specific types of
benefits. Id. The divorce decree used a general word, benefits, which could
encompass several different, specific types of benefits; this does not make the divorce
decree ambiguous. Furthermore, cases applying the Fair Labor Standards Act, under
which Larry sued for past-due overtime pay, refer to overtime pay as “overtime
benefits.” See, e.g., Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 710,
106 S. Ct. 1527, 1528 (1986); Vela v. City of Houston, 276 F.3d 659, 671 n.17 (5th
Cir. 2001) (citing Owsley v. San Antonio Indep. Sch. Dist., 187 F.3d 521 (5th
Cir.1999)).
          We hold that the divorce decree was not ambiguous and that it awarded the
overtime settlement to Larry.
 
No-Evidence Motion for Summary Judgment
          Larry filed a no-evidence motion for summary judgment arguing, essentially,
that there was no evidence of any assets not divided in the final divorce decree. In
response to Larry’s motion for summary judgment, Aurore presented evidence only
regarding Larry’s overtime pay settlement. In light of our holding that the divorce
decree unambiguously assigned to Larry the overtime benefits he recovered in the
class-action lawsuit, we hold that Aurore did not present any evidence of any
community asset not divided in the divorce decree. Because there was an absence of
evidence of a vital fact, the trial court properly granted Larry’s no-evidence motion
for summary judgment and rendered final judgment in his favor. See King Ranch,
118 S.W.3d at 751.
          We overrule all three of Aurore’s issues. 
 
 
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Jim Sharp
                                                             Justice

Panel consists of Chief Justice Radack and Justices Sharp and Taft.