# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00417-CV

---

**Paul Jones, Appellant**

**v.**

**Teresa Jones, Appellee**

---

### FROM THE 169TH DISTRICT COURT OF BELL COUNTY
### NO. 231,816-C, THE HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Paul Jones and Teresa Jones[1] were divorced in 2009. In 2020, the trial court rendered a Military Retirement Pension Division Order (MRPDO), finding the order "necessary to effectuate the terms" of the parties' divorce decree. Paul, appearing pro se, appeals the order. For the following reasons, we will affirm the MRPDO.

## BACKGROUND

The final divorce decree provides, relevantly, that Paul is awarded

All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to or as a result of PAUL R. JONES's service in the United States U.S. Army, including any accrued unpaid bonuses, disability plan or benefits, Thrift Savings Plan, or other benefits existing by reason of or as a result of PAUL R. JONES's past, present, or future employment, except that portion of PAUL R. JONES's U.S. military retirement that has been awarded in this decree to TERESA GAIL JONES as more particularly specified in the

---

[1] For clarity we will use the parties' first names.

domestic relations order signed coincident with this decree and incorporated verbatim in it by reference.

Similarly, the decree provides that Teresa is awarded

All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to or as a result of PAUL R. JONES's service in the United States U.S. Army, including any accrued unpaid bonuses, disability plan or benefits, Thrift Savings Plan, or other benefits existing by reason of or as a result of PAUL R. JONES's past, present, or future employment, except that portion of PAUL R. JONES's U.S. military retirement that has been awarded in this decree to PAUL R. JONES as more particularly specified in the domestic relations order signed coincident with this decree and incorporated verbatim in it by reference.

Despite the references therein, no domestic relations order is attached to the decree or otherwise appears in the clerk's record.

On January 28, 2020, Teresa filed in the trial court an "Original Petition to Enter Postdivorce Domestic Relations Order"[2] and a "Petition for Clarification and Enforcement of Property Division," alleging that Paul had violated the decree each month since February 2018 by failing to pay "her portion of Military Retirement" pursuant to the above decree provisions. She sought an order requiring Paul to pay her the unpaid amounts and prayed that he be held in contempt for the violations. Teresa further requested that—"if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt"—the court "enter a clarifying order restating the terms of the order, decree, or judgment in a manner specific enough to allow enforcement by contempt and specifying a reasonable time within which compliance will be required." Paul filed an answer alleging that the order was ambiguous

---

[2] A copy of the Original Petition was not included in the clerk's record, but a copy of the citation to Paul denotes Teresa's filing of such pleading on that date.

2

and not clear and specific enough to be enforceable and pleading the affirmative defenses of limitations and laches.

On April 28, 2020, Teresa filed (1) a "Motion to Reopen Evidence" alleging that new evidence had "come to light which must be considered to ensure the due administration of justice as contemplated by TRCP 270" and (2) a "Motion to Confirm Retirement Division Arrearage" asserting that on the date it signed the decree the trial court also "signed an order that appears in the [court's] minutes . . . award[ing Teresa] a share of [Paul's] military retirement, if as and when received" and that the "amount and frequency of obligation remain unchanged to the date of this motion."[3] While the record is unclear whether the latter motion was granted, on May 26, 2020 the trial court conducted an evidentiary hearing on Teresa's petition for clarification and enforcement and other pending motions. Teresa, Paul, and their respective attorneys testified.

On July 28, 2020, the trial court signed the MRPDO. Relevant provisions include the following:

*Findings of Fact:*

. . .

2.      Servicemember [Paul], and TERESA JONES, ("Former Spouse"), were originally married on October 10, 1992 and that marriage lasted for 194 months or more, during which time Servicemember served 194 months or more of creditable service toward retirement.

. . .

---

[3] The only signed order appearing in the clerk's record from the date the decree was signed is the decree, and the record does not contain "minutes" or a docket sheet from when the decree was rendered.

3

*Award to Former Spouse*

> IT IS THEREFORE ORDERED that [Teresa] is awarded 34.04 percent of [Paul]'s **disposable** military retired pay.

> IT IS FURTHER ORDERED that DFAS, to the extent allowed by law, pay [Teresa] each month the calculated percentage of [Paul]'s disposable retired pay at retirement, together with all COLAS applicable thereto, payable, IF, AS, and WHEN received by [Paul].

> IT IS FURTHER ORDERED that the rest, residue, and remainder of the military retired pay of [Paul] is the sole and separate property of [Paul].

The MRPDO does not contain any provisions related to retirement-benefit arrearages or a ruling on Teresa's motion to enforce.[4] Paul filed a "Motion to Dismiss Military Retirement Pension Order," which was overruled by operation of law, and then perfected this appeal.

## DISCUSSION

Paul asserts five multifarious and overlapping issues on appeal—several of which lack citations to the record and supporting authority and all of which are difficult to follow[5]—but we have distilled them into three[6]: (1) the trial court's MRPDO is void because it purports to

---

[4] In an entry dated May 29, 2020, the trial court's docket sheet states, "Petitioner's Motion to Enforce is Granted, and Petitioner is awarded a Judgment against Respondent for $14,593.20, which was calculated at 24 months times her share of $608.05 per month." However, the clerk's record does not contain an order granting Teresa's motion to enforce.

[5] As a pro se appellant, Paul is held to the same standard as those represented by counsel. *See United Copper Indus., Inc. v. Grissom*, 17 S.W.3d 797, 805 n.6 (Tex. App.—Austin 2000, pet. dism'd). Nonetheless, we liberally construe his brief and address his appellate issues and arguments to the extent we can discern them. *See id.*; *see also* Tex. R. App. P. 38.1(i). To the extent that Paul has attempted to raise any issues other than those we discuss herein, we conclude that he has waived them due to inadequate briefing. *See Stillwell v. Stillwell*, No. 03-17-00457-CV, 2018 WL 5024022, at *3 (Tex. App.—Austin Oct. 17, 2018, pet. denied) (mem. op.).

[6] For the sake of brevity and clarity, we have consolidated Paul's issues based on the substance of his arguments. *See* Tex. R. App. P. 47.1 (requiring opinion to be "as brief as

4

amend the decree in violation of Family Code section 9.007; (2) the trial court exceeded its authority in rendering the MRPDO when it divided Paul's military retirement benefits in violation of Family Code section 9.101; and (3) Teresa's motion to enforce the decree's property division was time-barred by Family Code section 9.003. We will address each issue in turn.

### *Family Code section 9.007*

Family Code section 9.007 prohibits a trial court from amending, modifying, altering, or changing the actual, substantive division of property in a final divorce decree. Tex. Fam. Code § 9.007(a), (b). Paul argues that the divorce decree was ambiguous as to the division of his military retirement benefits, awarding Teresa an "indeterminable portion" of the benefits, and that the trial court's MRPDO "mutated" that award to provide Teresa 34.04 percent of the benefits, amounting to an amendment, modification, alteration, or change to the division of property in the decree in violation of section 9.007. *See id.* We disagree.

An ambiguous division of property in a divorce decree nonetheless amounts to a division of that property; the ambiguity does not constitute a failure to divide the property. *See Watret v. Watret*, 623 S.W.3d 555, 561 (Tex. App.—El Paso 2021, no pet.). When a divorce decree clearly awards to each spouse all sums relating to military retirement benefits except those portions awarded to the other spouse, such language constitutes a division of the retirement benefits, albeit an ambiguous one with respect to the percentage awarded to each spouse. *See id.* (holding that provision in divorce decree substantially similar to subject decree "show[ed] both parties retained an interest in the retirement" but "due to missing details, specifically a percentage," was ambiguous, requiring clarification); *Guerrero v. Guerra*, 165 S.W.3d 778, 782

---

practicable"); *Gene Hamon Ford, Inc. v. David McDavid Nissan, Inc.*, 997 S.W.2d 298, 304 n.9 (Tex. App.—Austin 1999, pet. denied) (consolidating points of error for discussion).

(Tex. App.—San Antonio 2005, no pet.) ("While a court may not modify a property division in a divorce decree, if it is ambiguous, the trial court may enter a clarifying order to enforce compliance with the division of property."). A trial court's clarification (by way of a qualified domestic relations order (QDRO) or similar order) of a decree's ambiguous division of retirement benefits does not constitute a change to the decree's substantive division of property and does not run afoul of section 9.007. *See Watret*, 623 S.W.3d at 563; *see also Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997) ("[I]f the decree is ambiguous, the court must interpret the judgment by reviewing the decree as a whole and the record to ascertain the property's disposition.").

In its "Award to Former Spouse" entitling Teresa to 34.04 percent of Paul's military retirement benefits, the trial court merely clarified the decree's ambiguous division of those benefits but did not improperly modify the decree's property division. *See Watret*, 623 S.W.3d at 563. Accordingly, we overrule Paul's first issue.[7]

### *Family Code section 9.101*

Family Code section 9.101 provides

> [T]he court that rendered a final decree of divorce . . . retains continuing, exclusive jurisdiction to render an enforceable qualified domestic relations order or similar order permitting payment of pension, retirement plan, or other employee benefits

---

[7] Construing Paul's briefing liberally, we do not believe that he is challenging the percentage clarified by the court as awarded to Teresa but, even if he did, we conclude that he is bound by his prior counsel's judicial admission at the May 26, 2020 hearing that the percentage is essentially correct (after accounting for more accurate rounding, based on the *Taggart* formula and number of months of military service that Paul's attorney stipulated were correct). *See Taggart v. Taggart*, 552 S.W.2d 422, 424 (Tex. 1977) (outlining formula for military-retirement benefits as months of service during marriage, divided by total months of service, and then multiplied by proportionate award to non-military spouse of community property); *In re L.W.*, No. 12-19-00375-CV, 2020 WL 2078793, at *2–3 (Tex. App.—Tyler Apr. 30, 2020, no pet.) (mem. op.) (explaining judicial admissions and their effect).

divisible under the law of this state or of the United States to an alternate payee or other lawful payee.

Tex. Fam. Code § 9.101(a). As best we can discern Paul's complaint regarding section 9.101, he seems to be arguing that the trial court erred in rendering the MRPDO without first rendering a QDRO. Alternatively, his argument appears to be that because the MRPDO was entered later than the decree, the trial court somehow lacked power to enter the MRPDO when it did. As to the latter, we have disposed of this argument in the above discussion concerning Family Code section 9.007. As to the former, he does not cite to any authority supporting this argument, and under Family Code sections 9.101 and 9.103, a trial court that rendered a final divorce decree is authorized to render a QDRO *or similar order* if one has not been rendered previously. *See id.* §§ 9.101, .103 (allowing party to petition court to render QDRO or similar order if court did not already render one); *Watret*, 623 S.W.3d at 563. The MRPDO here is a "similar order" to a QDRO in that it permits payment to Teresa of Paul's military retirement benefits that accrued during the marriage and are thus divisible under Texas law. *See* Tex. Fam. Code § 9.101; *see also* 10 U.S.C. § 1408(c)(1) (providing state courts authority to treat "disposable retired pay" as community property). Moreover, it is the substance, character, and function of an order that determines its effect, not its caption, *see Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992), and the MRPDO clearly functions as an order described in sections 9.101 and 9.103. Accordingly, the trial court was authorized to render the MRPDO pursuant to sections 9.101 and 9.103, and we overrule Paul's second issue.

### Family Code section 9.003

Family Code section 9.003(b) provides that a suit to enforce the division of future property not in existence at the time of the original decree must be filed before the second

7

anniversary of the date the right to the property matures or accrues or the decree becomes final, whichever is later. Tex. Fam. Code § 9.003(b). While Teresa's motion to enforce and for clarification did request arrearages for past-due retirement payments, she requested arrearages dating back to only February 1, 2018[8]—within the two-year statute of limitations. *See In re Marriage of Reinauer*, 946 S.W.2d 853, 860 (Tex. App.—Amarillo 1997, pet. denied) (noting that party's right to retirement benefits matures in installments, when paid to retiree, and that limitations period "would accrue as to each installment," requiring party to "sue to recover her share within two years of the date of [each required] payment"). Moreover, even if Teresa had requested payments that were barred by the statute of limitations, the order being appealed (the MRPDO) did not award Teresa any arrearages but merely clarified the amount she was awarded in the decree. *See Watret*, 623 S.W.3d at 564 (holding that party's request for order to clarify decree as to retirement benefits was matter over which trial court has continuing jurisdiction and that section 9.003 statute of limitations did not apply); *Marshall v. Priess*, 99 S.W.3d 150, 157 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (same). Accordingly, the limitations period in section 9.003 does not apply, and we overrule Paul's third issue.[9]

## CONCLUSION

Having overruled Paul's issues, we affirm the trial court's MRPDO.

---

[8] Paul testified that he retired in 2013.

[9] In this same issue, Paul contends in general terms that Teresa's claims are "barred by the equitable doctrine of 'laches'" because Teresa "sat on her rights" for too long to his "grave detriment." He does not, however, support the contention with argument or citations to authority and the record and has, therefore, waived the complaint. *See* Tex. R. App. P. 38.1(i); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.).

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Affirmed

Filed:   September 15, 2021