**AFFIRMED and Opinion Filed July 5, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00338-CV**
_____

**HOWARD P. BYRNES, JR., Appellant**
**V.**
**GLENDA L. BYRNES, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-01739**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Garcia

Howard Byrnes ("Husband") appeals the trial court's dismissal of his declaratory judgement action seeking construction of a property insurance contract and declaring ownership of the proceeds. In a single issue, Husband argues the trial court erred by dismissing the case and transferring the proceeds. Finding no reversible error, we affirm the trial court's judgment.

## I. BACKGROUND

Husband and Wife were divorced, and a final decree was entered by the 256th District Court (the "Family Court") on March 22, 2019. The decree addressed, among other things, the parties' interest in a home located on Inwood Road (the

"Marital Home"). The decree provides that, subject to the provisions regarding the sale of the Marital Home, Wife is awarded as her sole and separate property 75% of the net proceeds from the sale of [the Marital Home] exceeding four million dollars. Husband is awarded 25% of the proceeds as his sole and separate property up to four million dollars and 50% for the amount exceeding four million dollars. Regarding the sale of the Marital Home, the decree provides:

**Provisions Regarding Sale of Marital Home (Inwood Road)**

I. The parties agree that Wife's portion of the equity in the marital property residence commonly known as 10323 Inwood Rd., Dallas Texas ("the marital residence"), is valued in the amount of $3,000,000.00. The parties agree that Husband may buy out Wife's interest in the amount of $3,000,000.00 on or before August 15, 2019. In the event Husband tenders $3,000,000.00 to Wife on or before August 15, 2019, Wife shall, simultaneously upon receipt of payment from Husband in the amount of $3,000,000.00, execute before a notary public a Special Warranty Deed (prepared by husband's counsel) conveying her interest in the marital residence to Husband. IT IS ORDERED that the original executed Special Warranty Deed shall be provided to the offices of counsel for Husband within two business days.

2. If the Husband does not tender $3,000,000.00 to Wife on or before August 15, 2019, the marital residence shall be immediately listed for sale with the realtor whose signed contract is attached hereto as Exhibit A.

3. Husband shall have exclusive use and possession of the marital residence until compliance with provisions 1 and 2 immediately above. Wife will have access to the marital home to remove her inherited property and any other contents awarded to wife by agreement with husband or by the arbitrator's ruling as soon as the agreement or ruling is made.

4. The first $4,000,000.00 of the net proceeds from the sale of the marital residence shall be divided as follows:

a. Seventy-five percent (75%) to Wife; and

b. Twenty-five percent (25%) to Husband.

5. Following the division of the first $4,000,000.00 of the net proceeds from the sale of the marital residence, the remaining net proceeds shall be divided as follows:

a. Fifty percent (50%) to Wife; and

b. Fifty percent (50%) to Husband.

The Marital Home was destroyed by a tornado several months after entry of the decree. The insurance company declared the property a total loss and issued payment to Husband and Wife.

On January 13, 2020, Wife filed a petition for clarification of the final decree and/or request to divide omitted property in the Family Court, asking the court to determine who is entitled to the proceeds, or alternatively, to make an award of property pursuant to TEX. FAM. CODE ANN. § 9.201.

On January 30, 2020, Husband initiated this action in the 193rd District Court, seeking a declaratory judgment that the insurance proceeds are owned by Husband and Wife in equal shares and that the insurance policy is not community property. Wife moved to dismiss the petition for lack of jurisdiction, or alternatively, to transfer the case to the family court.

The court conducted a hearing, granted Wife's motion to dismiss, and transferred the insurance proceeds on deposit to the Family Court. Husband now appeals that dismissal.

## II. ANALYSIS

Husband argues that the Family Court is "completely without jurisdiction" over the declaratory judgment action, the insurance contract, and the insurance proceeds because the Family Court's plenary power has expired and because the parties' agreed property division settlement did not dispose of or divide title to the Marital Home or address ownership of the insurance proceeds. According to Husband, the Marital Home ceased to be community property when the decree was entered and Wife's only remedy was to file suit for partition.

Husband's argument ignores that Wife's petition does seek division of the undivided property as an alternative to clarification of the decree. It is well-established that "[p]roperty adjudications in a divorce decree become final the same as other judgments relating to title and possession of property." *DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.). A motion for new trial or a motion to modify, correct, or reform a judgment, if any, must be filed within thirty days after the judgment is signed. TEX. R. CIV. P. 329b. After the trial court's plenary power expires, the trial court may not alter, amend, or modify the substantive division of the property in the divorce decree. *See id.*; TEX. FAM. CODE ANN. § 9.007. Seeking an order that alters or modifies a property division constitutes an impermissible collateral attack. *Hagen v. Hagen*, 282 S.W.3d 899, 901 (Tex. 2009).

Nonetheless, the court that rendered the divorce decree retains continuing subject matter jurisdiction to enforce and to clarify the decree's property division

pursuant to specific provisions of the Family Code after the court's plenary power expires. *See Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003); *Gainous v. Gainous*, 219 S.W.3d 97, 106, 108 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). In particular, a court has continuing jurisdiction to render further orders to enforce the division of the property made in the decree of divorce to assist in the implementation of or to clarify the prior order. *See* TEX. FAM. CODE ANN. § 9.006(a); *Wagner v. Davis*, No. 02-19-00249-CV, 2020 WL 241381, at *2 (Tex. App.—Fort Worth Jan. 16, 2020, no pet.) (mem. op.). Similarly, on the request of a party or on the court's own motion, the court may enter a clarifying order setting forth specific terms to enforce compliance with an original division of property on a finding that the original division of property is not specific enough to be enforceable by contempt. *See* TEX. FAM. CODE ANN § 9.008; *Gainous*, 219 S.W.3d at 106.

There are, however, limitations on the enforcement and clarification powers of the court that rendered the divorce decree. *Gainous,* 219 S.W.3d at 106. A court may not amend, modify, alter, or change the division of property made or approved in the divorce decree after its plenary power expires. TEX. FAM. CODE ANN § 9.007(a); *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003). An order that amends, modifies, alters, or changes the divorce decree's property division is beyond the power of the court. *See* TEX. FAM. CODE ANN § 9.007(b); *Gainous*, 219 S.W.3d at 106–07.

Thus, as Husband acknowledges, there is no question that the Family Court has jurisdiction to clarify the decree, to the extent that clarification is possible without altering the decree's original terms. In this case, however, the decree does not dispose of the Marital Home or the insurance proceeds, and as Wife's petition states, as an alternative to the request for clarification, the property was not divided or awarded to a spouse in the decree and should be divided by the court in a just and right division.

The Family Code provides that if a trial court failed to dispose of property subject to division in a final divorce decree, the court shall divide the property in a post-divorce action in a manner that is just and right under the circumstances. TEX. FAM. CODE ANN. § 9.203; *see also Wilde v. Murchie*, 949 S.W.2d 331. 333 (Tex. 1997); *Bishop v. Bishop*, 74 S.W.3d 877, 879 (Tex. App.—San Antonio 2002, no pet.). Wife's petition seeks this division.

Husband correctly observes that the Marital Home ceased to be community property when the final decree was entered. The general principle is that "community property not awarded by a divorce decree is subject to later partition between two ex-spouses who are considered joint tenants or tenants in common." *Wilde*, 949 S.W.2d at 332. But the character of the property does not deprive the family court of jurisdiction to make a post-divorce partition. Rather, as the Texas Supreme Court recently explained, Subchapter C of Chapter 9 of the Family Code "allows property that is no longer community property to be treated as if it still were,

so that it can be divided by the just-and-right standard." *S.C. v. M.B.*, __ S.W.3d __, 2022 WL 2192167, at *6 (Tex. June 17, 2022).

The *S.C.* court further concluded that because an action to divide previously undivided property is a new suit, jurisdiction to do so is not exclusive to the court that entered the decree. Rather, when either spouse invokes subchapter C, "any court 'shall' apply the specific 'just and right standard.'" *Id.* at 812 (citing TEX. FAM. CODE ANN. § 9.203(a). It is axiomatic that "any court" does not, by definition, in any way exclude the Family Court.

In this instance, Wife invoked subchapter C when she filed her Family Court petition seeking to divide the omitted community property. Although any district court had jurisdiction to make the post-divorce just and right division, the Family Court action was filed first. "The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding). Because the Family Court first acquired jurisdiction, the court below did not err by dismissing Husband's suit and transferring the deposited funds to the Family Court.

We resolve Husband's issues against him. The trial court's judgment is affirmed.


/Dennise Garcia/
DENNISE GARCIA
JUSTICE


210338F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HOWARD P. BYRNES, JR.,
Appellant

No. 05-21-00338-CV     V.

GLENDA L. BYRNES, Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-01739.
Opinion delivered by Justice Garcia.
Justices Molberg and Reichek
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee GLENDA L. BYRNES recover her costs of this appeal from appellant HOWARD P. BYRNES, JR..

Judgment entered July 5, 2022.