

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00054-CV

**CAPITAL FUND I, LLC**,
Appellant

v.

**J.G.S.A. HOMES, LLC**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CI24960
Honorable Angelica I. Jimenez, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:    Lori Massey Brissette, Justice
            Adrian A. Spears II, Justice
            Velia J. Meza, Justice

Delivered and Filed: April 15, 2026

DISMISSED FOR LACK OF JURISDICTION

In this case, we consider whether a severance order transforms a partial default judgment on a subset of claims into a final judgment if the partial default judgment and the underlying claims are severed into a new cause alongside pending, non-defaulted claims. We conclude that it does not and dismiss this appeal for lack of jurisdiction.

BACKGROUND

In 2024, J.G.S.A. Homes, LLC sold two San Antonio properties to Falcon Acquisition Group, Inc. with the assistance of Nick Swanson and Esteban M. Ramirez. To facilitate the purchase of the properties, Falcon obtained loans from Capital Fund I, LLC. When Falcon allegedly failed to satisfy its obligations in connection with the purchase, J.G.S.A. sued Swanson, Ramirez, and Falcon, along with Capital Fund, asserting numerous claims.

But Capital Fund failed to timely answer.[1] J.G.S.A. then moved for a default judgment against Capital Fund and others and the trial court granted its motion. J.G.S.A. then moved to sever its case against Capital Fund into a new cause, which the trial court granted.[2]

Capital Fund appealed. After the parties filed their primary briefs, Capital Fund—the appellant—filed a reply brief arguing this court lacked jurisdiction to hear the appeal.[3] It separately filed a motion to dismiss its own appeal for lack of appellate jurisdiction. With the parties having had the opportunity to fully brief the jurisdictional issue, we now consider same.

CAPITAL FUND'S MOTION TO DISMISS

Capital Fund moves to dismiss this appeal because (1) the default judgment was interlocutory on its face and (2) the severance order did not render it a final judgment because it severed into a new action both J.G.S.A.'s still-pending claims against Capital Fund as well as its claims against Capital Fund determined on default. We agree.

---

[1] During a hearing on its motion to set aside the default and for a new trial, Capital Fund explained through counsel it it had attempted to secure its defense of the matter through a title company based on a title claim, but the title company belatedly declined to defend it.

[2] A month after the trial court granted the severance order, Capital Fund moved to set aside the default judgment and for a new trial, which the trial court denied.

[3] Capital Fund's briefs were filed by its new counsel Jackson Walker LLP, which only appeared on behalf of Capital Fund in February 2025—the month after the notice of appeal was filed.

J.G.S.A. sued Capital Fund for statutory fraud, fraud by nondisclosure, conversion, and "vicarious liability." J.G.S.A. sought as relief against Capital Fund its actual damages, exemplary damages, recission of the contracts at issue, declaratory relief, attorney's fees, costs, and interest. After Capital Fund failed to appear, J.G.S.A. moved for a default judgment against it, seeking to address only J.G.S.A.'s claims for fraud by nondisclosure and vicarious liability. It requested declaratory relief, actual damages, exemplary damages, prejudgment interest, attorney's fees, and costs. It is undisputed J.G.S.A. did not move for default judgment as to its claims for statutory fraud or conversion.

The trial court granted the default judgment. The "Final Default Judgment Against Capital Fund I, LLC" provides it is "interlocutory and does not dispose of all claims and all parties."[4] J.G.S.A. then moved to sever its case against Capital Fund into a separate suit from the other parties, explaining it was seeking a "final judgment" and the case would "contain both of [J.G.S.A.'s] pleadings, documents on file that relate to the litigation of claims against Capital Fund, and the motion for default judgment against Capital Fund and corresponding Judgment" which the trial court granted. The trial court granted the severance order, explaining "[i]t would be just to grant Plaintiff's request to sever *the portion of the case relating to Capital Fund* from the rest of this case," ordering J.G.S.A.'s "*claims* against Capital Fund . . . *and the portion of this case relating to it* are hereby severed from this case" (emphasis added).

The Texas Supreme Court has explained, "the severance of an interlocutory judgment into a separate cause makes it final" if "the severed action . . . consists only of claims that have been

---

[4] The trial court awarded J.G.S.A. actual damages in the amount of $904,800.00, exemplary damages in the amount of $904,800.00, prejudgment interest in the amount of $10,113.60, attorney's fees of $34,785.50, and costs of $27.00. The trial court further declared all agreements entered into by Capital Fund in connection with the sale of the property *void ab initio* as well as that all documents recorded in Bexar County Real Property Records recorded on behalf of Capital Fund in connection with the transactions were of no legal effect. The court also awarded J.G.S.A. appellate attorney's fees if Capital Fund unsuccessfully appealed the judgment.

fully and finally resolved." *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820, 822 (Tex. 2024).[5] But that did not happen here. Rather than seek a severance order severing out the claims resolved by the default "judgment" from the remaining, pending claims against Capital Fund, J.G.S.A. sought—and received—a severance order severing its *entire case* against Capital Fund—both pending and defaulted claims—into a new cause. This did nothing more than sever the case against Capital Fund from the claims against other parties and left the default judgment against Capital Fund as an interlocutory order.[6] *See In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 918, 923 (Tex. 2024) (per curiam) (orig. proceeding) (providing default judgments that "includes language that affirmatively undermines or contradicts finality" are "not final even if a review of the record would reveal that it actually disposed of all parties and all claims"); *see also Reiss v. Reiss*, 118 S.W.3d 439, 441–42 (Tex. 2003) (providing courts must construe trial court orders based on their unambiguous language); *Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997) (same). We therefore have no final judgment and no jurisdiction.

J.G.S.A. contends that while the default judgment was interlocutory, based on the one-satisfaction rule, the default judgment resolved J.G.S.A.'s entire case against Capital Fund such that further prosecution of its other allegations, claims, and requests for relief against Capital Fund was barred by operation of law, citing *Gulf View Private Inv., Inc. v. GC Sys., A.S.* 716 S.W.3d 830 (Tex. App.—San Antonio 2024, pet. denied). But the one-satisfaction rule has no bearing on

---

[5] *See also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (providing judgment is final for purposes of appeal if it disposes of all pending parties and claims in record); *In re Krieg*, 720 S.W.3d 758, 766 (Tex. App.—Eastland 2025, orig. proceeding) (providing severance order may operate as final judgment when trial court has, by proper order or judgment, already disposed of severed parties and claims asserted by and between them (citing *Sealy Emergency Room*)); *Lusk v. Osorio*, No. 14-17-01011-CV, 2019 WL 3943195, at *2 (Tex. App.—Houston [14th Dist.] Aug. 20, 2019, no pet.) (mem. op.) (providing trial court did not render final judgment in severed cause until court finally disposed of all pending claims among appellant and appellees in subsequent judgment).

[6] The record shows J.G.S.A. has not nonsuited its remaining claims.

our jurisdiction. As we explained in *Gulf View*, the one satisfaction rule is concerned with the recovery of damages, not claims, and the "fundamental consideration in applying the one-satisfaction rule is whether the plaintiff has suffered a single, indivisible injury—*not the causes of action* the plaintiff asserts." *Id.* at 871 (emphasis added).[7]

Finally, J.G.S.A. argues that, instead of dismissing for lack of jurisdiction, we should remand to the trial court for clarification, citing *Bella Palma, LLC v. Young*, 601 S.W.3d 799 (Tex. 2020) (per curiam). But *Bella Palma* is distinguishable in that the court found the judgment subject to clarification. *See id.* at 800–01. Here, despite any clarification that could be made regarding the trial court's intent, we have a default judgment that plainly states it is interlocutory and a severance order that plainly severs all pending and defaulted claims into a new cause. *See Lakeside Resort*, 689 S.W.3d at 922–24; *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d at 820, 822; *Reiss*, 118 S.W.3d at 441–42.

## CONCLUSION

Accordingly, we have no final, appealable judgment in this case, and we must dismiss this case for lack of jurisdiction.[8]

Lori Massey Brissette, Justice

---

[7] J.G.S.A. points out Capital Fund had ample time to raise the issue, but it did not. Even so, jurisdiction can be raised at any time and may not be conferred by waiver or estoppel. *See, e.g.*, *Oncor Elec. Delivery Co. NTU, LLC v. Wilbarger Cnty. Appraisal Dist.*, 691 S.W.3d 890, 907 (Tex. 2024); *Frausto v. RC Indus. LLC*, 605 S.W.3d 54, 57 (Tex. App.—San Antonio 2020, no pet.) (same).

[8] Capital Fund also requests we remand the case to the trial court for further proceedings. But the severed case remains pending in the trial court, and we otherwise have no jurisdiction to remand a case to the trial court that we lack jurisdiction over in the first instance. Accordingly, we deny Capital Fund's requested relief. *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) ("When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment.").