**Opinion filed March 31, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00123-CV

_____

## TIMOTHY GRAY JOHNSON AND PAQUITA JOHNSON, Appellants

## V.

## MARTHA LAWLER DUNHAM, Appellee

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 53412**

## M E M O R A N D U M   O P I N I O N

This appeal concerns the degree of ownership of a mineral interest in Howard County, Texas, after the division of property in an agreed final divorce decree. Appellants, Paquita and Timothy Johnson, are the surviving wife and son of William G. Johnson. Appellee, Martha Lawler Dunham, is William's ex-wife. During the pendency of this case, Dunham filed a combined no-evidence and traditional motion

for summary judgment claiming that the mineral interest at issue (1) was the community property of Dunham and William and (2) was not divided when they divorced in 1999. The trial court granted Dunham's combined motion and entered a final judgment in which it awarded Dunham an undivided fifty percent interest in the subject property and ordered that the Johnsons take nothing by their countersuit.

The Johnsons appeal the trial court's judgment and raise three issues: (1) the trial court abused its discretion when it granted Dunham's no-evidence motion for summary judgment; (2) the trial court abused its discretion when it granted Dunham's traditional motion for summary judgment; and (3) the trial court's award of an undivided fifty percent interest in the subject property is a void and unenforceable order. We affirm.

I. *Factual Background*

The mineral interest at issue was assigned by mineral deed to William in 1997 during his marriage to Dunham.[1] Dunham and William divorced in 1999 and William passed away in 2010. In 2019, Dunham filed suit to quiet title and alleged that the subject property that included the disputed mineral interest had not been divided in the 1999 agreed final divorce decree. Dunham requested that the trial court (1) determine the shares of the possible owners of the property and (2) divide or partition the property in a just and right manner. The Johnsons filed a counterpetition alleging that the subject property had been divided and awarded to William as his separate property, and that the trial court was estopped from altering the division of the property that was addressed in the decree. They also asserted counterclaims that challenged Dunham's receipt of certain royalty payments originating from an oil and gas lease that was located on the subject property.

---

[1]The mineral deed describes an undivided 1/3rd mineral interest in the "South half (S/2) of Section 2, Block 32, T-2-N, T&P Ry. Co. Survey" in Volume 753, Page 776, Howard County, Texas.

The 1999 agreed final divorce decree did not explicitly mention or describe the subject property, although other real property was divided. Dunham was awarded the marital residence and other specified real and personal property. Among other items that were awarded to William, certain royalty and working interests in designated oil and gas properties, as described in an exhibit attached to the decree, were confirmed as William's separate property. Additionally, the decree awarded to each party their respective sole proprietorship "including but not limited to" all "contractual rights" and "rights and privileges, past, present, or future, arising out of or in connection with the operation of [their respective] business."

After William passed, Paquita was appointed independent administratrix of his estate, and she and Timothy were determined to be William's only heirs. The subject property later became a valuable asset due to its inclusion in an oil and gas lease, and a portion of the royalty payments that originated from the lease were made to Dunham.

After Dunham filed her combined motion for summary judgment, the trial court set the motion for a hearing on February 13, 2020. Both parties filed objections to the other's evidence, and the Johnsons requested a continuance of the hearing setting. The trial court denied the request. Notably, the order denying the Johnsons' continuance request included a finding that "there has not been adequate time in which to conduct discovery." The order also stated that the summary judgment hearing "is continued [until] after the discovery period that shall be defined in the Court's pretrial order, which shall be forthcoming." Despite this, the trial court did not issue a pretrial order that defined the parties' discovery period, and it proceeded to hear the motion as originally set.

Prior to the hearing, the trial court issued rulings on both parties' objections to the other's summary judgment evidence. The trial court sustained a substantial

number of Dunham's objections to the Johnsons' summary judgment evidence, which primarily consisted of affidavits executed by William's former business partner and Timothy. Upon the Johnsons' request, and after signing its final judgment, the trial court issued an order that clarified its evidentiary rulings and specified the bases for each sustained objection.

## II. *Standard of Review – Summary Judgment*

We review a trial court's grant of summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which the judgment is sought are meritorious. *Id.*

To prevail under the traditional summary judgment standard, the movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To defeat a no-evidence motion, the nonmovant must produce at least a scintilla of evidence raising a genuine issue of material fact as to the challenged elements. *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

In reviewing either a traditional or a no-evidence summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *KMS Retail*, 593 S.W.3d at 181; *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We credit evidence favorable to the nonmovant if reasonable jurors could do so, and we disregard contrary evidence unless reasonable jurors could not. *Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 774 (Tex. 2017); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007).

As a preliminary matter, the parties disagree as to whether we should first consider the no-evidence grounds or the traditional grounds for summary judgment.[2] *See* TEX. R. CIV. P. 166a(c), (i). Ordinarily, when a party moves for summary judgment on both no-evidence and traditional grounds, we address the no-evidence grounds first. *See Merriman*, 407 S.W.3d at 248 ("if the non-movant[s] fail[] to produce legally sufficient evidence to meet [their] burden as to the no-evidence motion, there is no need to analyze whether the movant satisfied [her] burden under the traditional motion"); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). The reason for this is redundancy; the standard and threshold under which no-evidence summary judgments are reviewed is lower than that of traditional summary judgments. *See King Ranch*, 118 S.W.3d at 750 (no-evidence summary judgments are reviewed under the same legal sufficiency standard as directed verdicts). Nevertheless, we may address the traditional grounds first when they are dispositive. TEX. R. APP. P. 47.1; *see D.R. Horton-Tex., Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 225 n.7 (Tex. App.—Fort Worth 2013, no pet.) (addressing traditional motion for summary judgment first because movant's affirmative defense was dispositive).

The dispositive question in this case—whether the subject property was William's separate property, or the community property of William and Dunham—

---

[2]Dunham asserts that we should consider the traditional grounds first because affirmation on those grounds would also eliminate an essential element of each of the Johnsons' counterclaims—that is, their claim that the subject property was awarded to William in the 1999 agreed final divorce decree. The Johnsons respond that the cases cited by Dunham in support of her assertion are inapposite because they involve circumstances in which opposing parties filed competing traditional motions for summary judgment and at least one party also filed a no-evidence motion.

is raised on both no-evidence and traditional grounds.[3]  We address this question first, beginning with the no-evidence grounds.  *See Merriman*, 407 S.W.3d at 248.

III.  <em>Analysis</em>

A.  *Dunham's No-Evidence Motion Complied with Rule 166a(i)*

Before addressing the merits of Dunham's no-evidence motion for summary judgment, the Johnsons raise two procedural challenges to Dunham's combined motion.  First, they contend that the trial court prematurely considered Dunham's no-evidence grounds because adequate time for discovery had not elapsed.  *See* TEX. R. CIV. P. 166a(i).  Second, they argue that Dunham's no-evidence motion failed to specifically state the element or elements for which there is no evidence. *See id.*  We do not agree with either contention.

1.  <em>The Trial Court Did Not Prematurely Consider the Motion</em>

In a no-evidence summary judgment context, we review whether adequate time for discovery has passed under an abuse of discretion standard.  *Univ. of Tex. M.D. Anderson Cancer Ctr. v. King*, 329 S.W.3d 876, 884 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Rule 166a(i) of the Texas Rules of Civil Procedure provides that a party may move for a no-evidence summary judgment only after "adequate time for discovery." TEX. R. CIV. P. 166a(i).  Discovery need not be completed before a party may request this relief; the rule requires only that "adequate time" has elapsed.  *Schronk v. Laerdal Med. Corp.*, 440 S.W.3d 250, 263 (Tex. App.—Waco 2013, pet. denied)

---

[3]Regarding the no-evidence ground, Dunham stated: "There is no evidence that the Subject Property was or became the separate property of William G. Johnson."  On the traditional grounds, Dunham characterized the issues as follows: "The Decree of Divorce did not award the Subject Property to William G. Johnson as his separate property.  The Subject Property was the community property of Plaintiff and William G. Johnson and was not divided or disposed of by the Decree of Divorce."

(citing *Madison v. Williamson*, 241 S.W.3d 145, 155 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)). This is a case-specific inquiry. *See Special Retailers*, 29 S.W.3d at 145.

In making this determination, we examine: (1) the nature of the case; (2) the evidence necessary to controvert the motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery that has already been completed; and (7) whether the discovery deadlines in place were specific or vague. *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Specialty Retailers*, 29 S.W.3d at 145 (citing *Dickson Constr., Inc. v. Fid. & Deposit Co. of Maryland*, 5 S.W.3d 353, 356 (Tex. App.—Texarkana 1999, pet. denied)).

The first four factors enumerated above do not support the Johnsons' contention. Dunham brought suit for a division of property that was not divided in her divorce action with William, or alternatively for a partition of property, and to quiet title. *See Koepke v. Koepke*, 732 S.W.2d 299, 300 (Tex. 1987); *Eddy v. Eddy*, 710 S.W.2d 783, 785 (Tex. App.—Austin 1986, writ ref'd n.r.e.); *see also* TEX. FAM. CODE ANN. § 9.201 (West 2020). Indeed, the parties disagree as to the characterization of the subject property. Separate property is defined as (1) property owned or claimed by a spouse before marriage; (2) property acquired by the spouse during marriage by gift, devise, or descent; or (3) the recovery for personal injuries sustained by the spouse during marriage, excepting any recovery for loss of earning capacity. FAM. § 3.001. Community property consists of property, other than separate property, that either spouse acquires during marriage. *Id*. § 3.002. For purposes of characterization, and unless proven otherwise, any property possessed

by either spouse during or upon the dissolution of marriage is presumed to be community property. *Id.* § 3.003(a).

Here, it is undisputed that the subject property was acquired during William and Dunham's marriage. Further, the Johnsons do not assert that it was acquired by either gift, devise, or descent or as the recovery for any personal injuries suffered by William during the marriage. Therefore, to defeat Dunham's no-evidence motion, the Johnsons were required to point to more than a scintilla of evidence that the 1999 agreed final divorce decree awarded the subject property to William as his separate property. *See* TEX. R. CIV. P. 166a(i); *Merriman*, 407 S.W.3d at 248.

And while not stale, this case was not in its infancy. At the time of the summary judgment hearing on February 13, 2020, this case had been active for three hundred and fifty-two days. Further, Dunham's no-evidence motion had been on file for thirty-six days. Based on the record before us, we conclude that neither the nature of the case, the necessary evidence, the time this case had been pending, nor the time the no-evidence motion was on file support the Johnsons' contention that adequate time for discovery had not elapsed.

We turn, therefore, to the final three factors. The Johnsons place particular emphasis on the discovery deadlines, or lack thereof, as specified in the trial court's docket control order because, they contend, this is the best indicator of whether there had been adequate time for discovery. *See McInnis*, 261 S.W.3d at 201; *see also* TEX. R. CIV. P. 166a(i) cmt. However, and importantly, the trial court did not issue a scheduling order or otherwise set discovery deadlines for this case. Contrary to the Johnsons' contention, rather than elevating the importance of this factor, the

complete absence of any court-ordered discovery deadlines substantially reduces their significance.[4]

In addition to this misplaced emphasis, the Johnsons point to the contradictory language in the trial court's order that denied their requested continuance. In its order, the trial court found that "there has not been adequate time in which to conduct discovery." And, despite the *denial* of the Johnsons' request for a continuance, the order included the statement that the summary judgment hearing "is continued after [until] the discovery period that shall be defined in the Court's pretrial order, which shall be forthcoming." Irrespective of this inconsistency, we do not find this irregularity to be overly significant.

"Generally, an ambiguous order may be construed in light of the motion upon which it was granted." *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404 (Tex. 1971); *see Apollo Expl., LLC v. Apache Corp.*, 631 S.W.3d 502, 524 (Tex. App.—Eastland 2021, pet. filed). The only ground urged by the Johnsons in support of their motion for continuance was that there had been inadequate time for discovery; therefore, the trial court would necessarily have denied the motion on that ground. It is regular practice (and often a requirement of local court rules) for a movant to include with its motion a proposed order for the trial court to sign. The proposed order will often include language optimistically supporting the movant's preferred ruling. The order submitted by the Johnsons appears to have followed that custom. In this case, the trial court's failure to strike the language that did not comport with

---

[4]It is noted that while no pretrial order governing discovery deadlines was issued by the trial court in this case, the trial court's order denying the Johnsons' request for continuance stated that such an order was "forthcoming." We address that inconsistency below. Here, it is sufficient to note that perhaps this dilemma could have created some level of perceived uncertainty in the manner in which the parties pursued discovery. Nevertheless, the default discovery control plan contemplated by Rule 190.3 was applicable and provided clear discovery deadlines. TEX. R. CIV. P. 190.3. Therefore, we cannot say that the perceived "discovery deadlines" were unfairly vague.

its denial of the Johnsons motion for continuance does not render its order invalid or, in this instance, particularly ambiguous. Logically, the result of the trial court's ruling could only have been either a denial of the continuance, or a grant of it, on the grounds raised by the Johnsons, i.e., inadequate time for discovery. Here, the trial court circled "DENIED" and struck "GRANTED" from the face of the order and then held the summary judgment hearing on the original setting date. Therefore, it is clear that the trial court intended to deny the motion for continuance on the only ground raised by the Johnsons—inadequate time for discovery.

Nor do we hold that the trial court abused its discretion when it implicitly found that there had been adequate time for discovery. When suit was filed, Dunham requested in her petition that discovery be conducted under Rule 190.3, or alternatively under Rule 190.4.[5] The Johnsons' filed their requests for disclosures on May 1, 2019. Therefore, pursuant to Rule 190.3, the applicable discovery deadline was March 2, 2020 (nine months from the due date of the first response to written discovery served in the case). *See* Tex. R. Civ. P. 190.3(b)(1)(B)(ii); *see also* Tex. R. Civ. P. 4, 194.2. Dunham's no-evidence motion for summary judgment was heard by the trial court on February 13, approximately two and one-half weeks before the discovery deadline expired, and nearly a year after this suit had been filed. Although the Johnsons assert that the problems they had experienced in procuring the depositions of key witnesses demonstrates that adequate time for discovery had not yet occurred, we note that they nonetheless provided detailed affidavits from each of their key witnesses in responding to Dunham's combined motion.

---

[5]Dunham's original petition stated: "Discovery should be conducted in accordance with Texas Rule of Civil Procedure 193.3 [sic], or, in the alternative, a tailored discovery control plan under [Rule] 190.4." We read the reference to Rule 193.3 in Dunham's petition, which governs the assertion of privileges in written discovery responses, to be a typographical error. Common sense indicates Dunham intended to reference Rule 190.3, the default discovery control plan for civil litigation in Texas. Tex. R. Civ. P. 190.3.

The materiality and purpose of the discovery that is sought by a party is one of the nonexclusive factors we may consider in determining whether a trial court abused its discretion in denying a motion for continuance that requests additional time to pursue discovery. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (citing *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996)). Despite the parties' voluminous filings, this is not a complex case where extensive discovery would be necessary. Therefore, based on the record before us and the pertinent information that was available to the trial court for its consideration, we hold that the trial court did not abuse its discretion when it denied the Johnsons' motion for continuance based on their claim of inadequate time for discovery.

## 2. *Dunham's Motion Was Sufficiently Specific*

Rule 166a(i) requires that a no-evidence motion shall specifically state the element or elements for which there is no evidence. TEX. R. CIV. P. 166a(i). The Texas Supreme Court has held that "a no-evidence motion that lists each element of the plaintiff's claim and then asserts that the plaintiff has no evidence to support 'one or more' or 'any of' those elements is insufficient to support summary judgment because this language does not clearly identify which elements, whether some or all, are challenged." *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695–96 (Tex. 2017). Even so, the movant need only provide fair notice of the grounds upon which the motion is based such that the issues are defined and the nonmovant is provided adequate information in which to generate a response. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). Although a motion is conclusory if it generally or globally asserts that there is no evidence to support a claim, a motion that sets out each challenged element and argues there is no evidence for each element is sufficient in a non-complex case such as this one. *See id.*

Texas courts strictly enforce the specificity requirement. *See Hansen*, 525 S.W.3d at 695 (citing *Gish*, 286 S.W.3d at 310–11). For example, a no-evidence motion which identifies each of the nonmovants' claims, gives the page number of the petition where the claim may be found, lists the essential elements of each claim, and then asserts that the nonmovants have no evidence of "one or more" of the elements of the claim is legally insufficient to support the grant of summary judgment because the motion fails to specifically state the elements as to which there is no evidence. *See Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 283–84 (Tex. App.—Dallas 2013, pet. denied). On the other hand, a motion which recites the challenged claims, lists the essential elements of each challenged claim, and asserts that the nonmovants cannot provide evidence to sustain "each and every" element of the challenged claim is sufficiently specific. *See De La Cruz v. Kailer*, 526 S.W.3d 588, 593–94 (Tex. App.—Dallas 2017, pet. denied) ("The phrase 'each and every' clearly has the single meaning of 'all.' In contrast, the phrase 'one or more' means 'at least one' but also potentially 'several' or 'all.'" (quoting *Alfaro*, 418 S.W.3d at 283)).

Here, with respect to the dispositive issue in this appeal, Dunham's no-evidence motion identified the statutory elements of what constitutes separate marital property, set forth the necessary standard of proof to establish that property is separate property, and asserted that "[t]here is no evidence of any of these elements." Thus, Dunham's motion met the specificity requirement of Rule 166a(i) and did not constitute an impermissible global challenge, as the Johnsons suggest.

B. *The Johnsons Failed to Carry Their No-Evidence Burden*

Having addressed the procedural propriety of Dunham's combined summary judgment motion, we now turn to its merits. Because the subject property cannot be characterized as separate property as defined in the Family Code, the Johnsons could

12

defeat Dunham's no-evidence summary judgment only if they produced at least a scintilla of evidence that the 1999 agreed final divorce decree awarded the subject property to William as his separate property. This they failed to do. Consequently, the community property presumption applies to the subject property. *See* FAM. § 3.003(a).

When interpreting a divorce decree, we apply the general rules regarding the construction of judgments. *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003) (citing *Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997)). "Judgments should be construed as a whole to harmonize and give effect to the entire decree." *Id.* "[I]f the decree, when read as a whole, is unambiguous as to the property's disposition, the court must effectuate the order in light of the literal language used." *Wilde*, 949 S.W.2d at 332. "If the decree is ambiguous, the court should review the record along with the decree to aid in interpreting the judgment." *Id.* In addition, if it is ambiguous—that is, subject to more than one reasonable interpretation—we will adopt the construction that correctly applies the law. *Shanks*, 110 S.W.3d at 447 (citing *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997)).

The 1999 agreed final divorce decree is not ambiguous. It awarded William his "sole proprietorship" as his separate property, including "all furniture, fixtures, machinery, equipment, inventory, contractual rights, cash, receivables, accounts, goods, and supplies." In Texas, a sole proprietorship does not have a separate legal existence distinct from the operator of the business. *Bush v. Bush*, 336 S.W.3d 722, 740 (Tex. App.—Houston [1st. Dist.] 2010, no pet.) (citing *Ideal Lease Serv., Inc. v. Amoco Prod. Co.*, 662 S.W.2d 951, 952 (Tex. 1983)). The Johnsons contend that the subject property was subsumed within William's sole proprietorship because the decree references the term "contractual rights." However, it is undisputed that the decree neither mentions nor describes the subject property, although it specifically

refs to several other real properties that belonged to William. As we have noted, the subject property was acquired by Dunham and William during their marriage. Moreover, the Johnsons have not produced any evidence that the subject property was or could be characterized as William's separate property prior to the entry of the divorce decree. Lacking evidence to the contrary, the subject property is presumed to be community property. *See* FAM. § 3.003(a). Because the Johnsons did not rebut this presumption, we hold, and the trial court correctly determined, that the subject property was the community property of William and Dunham's marriage.

1. *The Trial Court Did Not Err When It Struck the Johnsons' Evidence*

Even if the failure to directly dispose of the subject property rendered the 1999 agreed final divorce decree ambiguous, and we do not hold that it did, the record before us does not support the Johnsons' contention that the decree awarded the subject property to William as his separate property. Here, the trial court sustained Dunham's objections to certain evidence that was proffered by the Johnsons and struck all statements in their submitted affidavits that would purportedly show that the subject property was William's separate property.

We review a trial court's evidentiary rulings under an abuse of discretion standard. *Greeheyco, Inc. v. Brown*, 565 S.W.3d 309, 316 (Tex. App.—Eastland 2018, no pet.) (citing *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 727 (Tex. 2016)). An abuse of discretion exists only when the court's decision is made without reference to any guiding rules and principles. *Id.* (citing *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012)). "An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling." *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

Relevant to this issue, the Johnsons submitted two affidavits and a certified copy of a 2004 oil and gas lease of the subject property as summary judgment

14

evidence. The lease was executed years after the divorce decree had been signed and filed, and it merely characterizes the subject property as William's sole and separate property after the fact. Therefore, this lease is not probative of anything except for perhaps William's subjective belief.

The affidavit of Robert Elliott (William's informal business partner) asserted that William's sole proprietorship consisted exclusively of oil and gas ventures. Elliott further stated that he was "shocked and surprised that Martha Lassetter (now Martha Dunham) now claims an ownership interest in one of the properties in Bill's sole proprietorship because she was aware of his acquisition of mineral rights during their marriage." Other assertions in the Elliott affidavit were struck by the trial court. Timothy's affidavit made several assertions about William's business dealings, including that the subject property was a part of William's sole proprietorship and that Dunham had improperly received royalty payments under the current oil and gas lease. These statements were struck by the trial court. Altogether, the trial court sustained five objections to the Elliott affidavit and twenty-four objections to Timothy's affidavit, each on multiple grounds.

We have carefully reviewed each objection asserted by Dunham and the reasons for the trial court's rulings and hold that it did not abuse its discretion when it sustained these objections. As to the Elliott affidavit, each objected-to statement was incompetent summary judgment evidence because, at a minimum, it was an unsupported opinion or conclusion of the affiant.[6] *See Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004); *Tex. Div.–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994) ("[S]ubjective beliefs are no more than conclusions and are not competent summary judgment evidence."). For example,

---

[6]Several of the Elliott statements were also determined to be incompetent under the best evidence rule, to constitute a legal conclusion or speculation, or to have been made without personal knowledge. We do not hold that these bases were incorrect, only that the first ground is sufficient. *See* TEX. R. APP. P. 47.1.

Elliott stated the following: "Additionally, the taxes on the Subject Property were paid by Bill, Chuck, and myself and with no help from Martha." Without establishing a basis for his belief that William paid the taxes on the subject property without any assistance from his then-wife (Dunham), Elliott's statement is no more than a bare opinion that does not make the existence of a material fact more or less probable. *See* TEX. R. EVID. 401; *Coastal Transp. Co.*, 136 S.W.3d at 232.

The trial court sustained, on a multitude of bases, twenty-four statements in Timothy's affidavit. The bases for Dunham's objections and challenges to those statements, of which the trial court sustained, included (1) hearsay, (2) the assertion of legal conclusions, (3) the application of the Dead Man's Rule, (4) lack of personal knowledge, and (5) the assertion of speculative and conclusory statements.

Hearsay is generally inadmissible and may not support the basis to challenge the grant of summary judgment. *See* TEX. R. EVID. 801, 802; *see also EOG Res., Inc. v. Wall*, 160 S.W.3d 130, 134 (Tex. App.—Tyler 2005, no pet.) (citing *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 234 (Tex. 1962)). Nor are legal conclusions in an affidavit competent summary judgment evidence. *See Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984).

Affidavits supporting summary judgment must be made on personal knowledge. *See* TEX. R. CIV. P. 166a(f) ("Supporting and opposing affidavits shall be made on personal knowledge . . . ."); TEX. R. EVID. 602. Although Timothy's affidavit recites that the facts are within his personal knowledge, such a recitation is insufficient if the affidavit, as it did here, fails to show a basis for his knowledge of the stated facts. *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008). Several of Timothy's statements also amounted to legal conclusions concerning his knowledge of William's sole proprietorship, his belief that the sole proprietorship included the

subject property, and the extent of William's possession of and title to the subject property.

Rule 601(b) of the Texas Rules of Evidence—the Dead Man's Rule—provides that a party may not testify against another party concerning an oral statement allegedly made by the decedent, in this case William, unless the statement can be corroborated. TEX. R. EVID. 601(b)(2), (3)(A). This rule specifically applies to Timothy because he is William's heir, and no corroborating evidence was offered. *Id.* R. 601(b)(1)(B), (3)(A). Therefore, in the absence of corroboration, Rule 601(b) would bar Timothy from stating what William allegedly said to him or others. *See Fraga v. Drake*, 276 S.W.3d 55, 61 (Tex. App.—El Paso 2008, no pet.).

Because the trial court did not abuse its discretion in its evidentiary rulings regarding these affidavits, the Johnsons are left with no competent summary judgment evidence in which to controvert the basis of Dunham's combined motion. The Johnsons point to Elliott's statement (to which Dunham's objection was overruled) that he was "shocked and surprised that [Dunham] now claims an ownership interest in one of the properties in Bill's sole proprietorship." Nevertheless, we do not accept this isolated statement as competent summary judgment evidence of the Johnsons' conclusory allegation that the subject property was a part of or connected to William's sole proprietorship, especially when the trial court struck and disregarded so many similar statements that directly asserted the same conclusion. Rather, we read this statement to communicate only Elliott's personal surprise at this ownership dispute, which, standing alone, is insufficient to carry the Johnsons' no-evidence burden.

For the foregoing reasons, we conclude that the trial court did not err when it granted summary judgment in Dunham's favor on no-evidence grounds. The

17

Johnsons' first issue is overruled.[7]  Because we have affirmed the trial court's grant of summary judgment on no-evidence grounds, we need not consider the traditional summary judgment grounds raised by Dunham.  *See Merriman*, 407 S.W.3d at 248 (citing *Ridgway*, 135 S.W.3d at 600).  Accordingly, the Johnsons' second issue is overruled.

C. *The Trial Court's Division of the Subject Property Was Proper*

In their third issue, the Johnsons contend that, even if summary judgment was properly granted, the trial court abused its discretion when it awarded Dunham an undivided fifty percent interest in the subject property because to do so creates an unenforceable final order.  In support of this, they argue that (1) no substantive changes can be made to a final divorce decree, (2) the plenary power of the trial court that signed the 1999 agreed final divorce decree has expired, (3) res judicata bars Dunham from seeking an interest in the subject property, and (4) Dunham is collaterally estopped from seeking an interest in the property.

Relying on Section 9.007 of the Family Code, the Johnsons essentially characterize the trial court's order as a modification of the 1999 agreed final divorce decree.  FAM. § 9.007(a).  It is true that the Family Code prohibits a trial court from substantively altering or modifying the division of property that was made in a divorce decree, and that such an order by the trial court would be unenforceable.  *Id.* But under our holding today, the trial court's order in this case is not a modification; rather, it is a post-divorce partition of community property that was left undivided

---

[7]Because each of the Johnsons' counterclaims were predicated on a holding that the subject property was awarded to William as his separate property, we need not address them.  *See* TEX. R. APP. P. 47.1.

by the 1999 agreed final divorce decree.[8]  *See Haas v. Otto*, 392 S.W.3d 290, 292 (Tex. App.—Eastland 2012, no pet.) ("Postdivorce partition is an appropriate vehicle to address an undivided or overlooked asset." (citing *Bishop v. Bishop*, 74 S.W.3d 877, 879 (Tex. App.—San Antonio 2002, no pet.))); *see also* FAM. § 9.201(a).  If a trial court fails to provide for a division of community property in its divorce decree, the husband and wife become tenants in common or joint owners of the property.  *Haas*, 392 S.W.3d at 292 (citing *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex. 1970)); *see* TEX. PROP. CODE ANN. § 23.001 (West 2014) (providing that a joint owner of an interest in real property may compel a partition of the interest among the joint owners).  Further, neither res judicata nor collateral estoppel bar such a suit for partition.  *See Reynolds v. Quantlab Trading Partners US, LP*, 608 S.W.3d 549, 556–59 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Haas*, 392 S.W.3d at 292.

Because a post-divorce partition of property that was undivided or overlooked in a divorce decree is a proper resolution of that property's ownership, the trial court was authorized to divide the subject property "in a manner that the court deems just and right."  FAM. §§ 9.203(a), 7.001.  A trial court has significant discretion in this regard, and we presume that the trial court properly exercised its discretion.  *See Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981); *Wells v. Wells*, 251 S.W.3d 834, 841 (Tex. App.—Eastland 2008, no pet.).  Here, the Johnsons do not point to any evidence in the record, and we have found none, that would support their argument that the trial court's division is so unjust and unfair as to constitute an abuse of

---

[8]The Johnsons characterize this alleged error as an abuse of discretion, and indeed, we review a trial court's order clarifying a divorce decree under that standard.  *See Murray v. Murray*, 276 S.W.3d 138, 143 (Tex. App.—Fort Worth 2008, pet. dism'd).  However, the trial court's order in this case was not a clarifying order, and the Johnsons' complaint is perhaps better likened to a dilatory plea.  *See Haas*, 392 S.W.3d at 292–93.  As in *Haas*, such a complaint essentially challenges the authority of the trial court to determine the subject matter of the action.  *Id.*  We review whether a trial court has subject-matter jurisdiction de novo.  *Id.*

discretion. Therefore, the trial court did not err when it awarded a fifty percent undivided interest in the subject property to Dunham. Accordingly, the Johnsons' third issue is overruled.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


March 31, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.